## PAINTER v. POLK COUNTY.

1. **Sheriff:** COMPENSATION: BRINGING PRISONER BEFORE COURT.   Under § 19, chap. 94, Laws of 1882, a sheriff is not entitled to one dollar for each prisoner brought by him before the court for arraignment, trial or sentence, but only for attending with a prisoner before a *judge* when not holding court.

2. ——:   ——:   COPIES OF PAPERS.   Under § 12, chap. 94, Laws of 1882, a sheriff is entitled to receive for copies of papers required by law, made by him, for each 100 words, or fraction thereof, ten cents.

3. ——:   ——:   WARRANT FOR SEIZURE OF LIQUORS.   The compensation which a sheriff is entitled to receive for executing a warrant for the seizure of intoxicating liquors is two dollars,—the fee fixed by § 4, chap. 94, Laws of 1882, for serving all warrants.   Section 3807 stands repealed as to sheriffs, but remains good as to constables and other officers.

*Appeal from Polk Circuit Court.*

THURSDAY, MARCH 3.

THIS cause was summitted to the circuit court upon an agreed statement of facts. Judgment for the plaintiff, and both parties appeal.

*Baylies & Baylies*, for appellant.

*Cummins & Wright*, for appellees.

SEEVERS, J.—I. The plaintiff is sheriff of the county, and the first question to be determined is whether he is entitled to one dollar for each prisoner brought before the court by him for arraignment, trial or sentence. The compensation of a sheriff is purely statutory. He is only entitled to such fees as are provided by statute. That such is the rule is not controverted. Section 4145 of the Revision provided that " the sheriff is entitled to the following fees: Attending with a person before a judge or a court when requested, not at a regular term of court in his county, for each day, besides mileage, one dollar." It is conceded by both parties that under this statute the plaintiff would not be entitled to the fee claimed. Chapter 94 of the Laws of the Nineteenth General Assembly provides that a sheriff shall receive, " for attending before any judge with a prisoner, one dollar per day." The plaintiff claims that because of this change in the statute he is entitled to compensation for attending before the court with a prisoner. But the statute does not say so. There is a clear distinction between a court and judge. A prisoner cannot be either arraigned, tried or sentenced before or by the latter, but he can be by a court. The two statutes mean precisely the same thing; the latter being simply more concise that the former. This question must be answered in the negative.

*[margin note: 1. SHERIFF: compensation: bringing prisoner before court.]*

II.   The next question is whether a sheriff is entitled to twenty cents for each copy of a subpœna served in criminal cases, where each copy contains more than 100 but less than 200 words.   It is provided by statute that a sheriff shall receive for copies of papers required by law, made by him, for each hundred words, ten cents. Section 12, chap. 94, Laws Nineteenth General Assembly. It will be observed that the statute provides that the sheriff shall receive for each 100 words ten cents.   Suppose he serves but one subpœna, and makes but one copy, and it contains 120 words.   What compensation shall he receive?   Counsel for the appellant say not more than twelve cents.   But it is an elementary principle in the construction of statutes that the law does not contemplate or notice fractions, unless it is so specially provided.   This rule has prevailed so long, and has been so universally recognized, that it has the force and effect of an affirmative statute so declaring.   For instance, if it is provided by statute that a person shall receive three dollars per day, and he is only engaged in service three hours, he is entitled to three dollars.   So here, the plaintiff is entitled to ten cents for each copy containing 100 words.   If it contains less than that number of words, he would not, under a strict construction of the statute, be entitled to any compensation.   But the statute contemplates that he shall be paid for the service performed.   Therefore he is entitled to the compensation provided, although there may be less than 100 words; and if more than that, but less than 200, he is entitled to compensation on the basis that there actually were 200 words.

III.   The third question is whether a sheriff is entitled to two dollars per day for the service of a warrant for the seizure of intoxicating liquors.   The compensation fixed in the Revision for this service was one dollar, and his reasonable expenses for the removal and custody of the liquor.   Revision, § 1570.   This provision was incorporated into the Code as section 3807, and it fixes,

2. ——: ——: copies of papers.

3. ——: ——: warrant for seizure of liquors.

the compensation of a constable or other officer. It was pro-
vided in the Code that the sheriff was entitled to receive,
"for serving each warrant, two dollars, mileage, and all
expenses as sworn to by the sheriff." Code, § 3788. In
1880 an act was passed repealing sections 3788 and 3789 of
the Code, and a substitute was enacted, (chapter 115, Acts
Eighteenth General Assembly,) and it was therein provided
that the sheriff should receive, "for each warrant served,
two dollars, and the repayment of any amount actually paid
by him as necessary expenses, *    *    *    as sworn
to by the sheriff." This act was repealed in 1882, (chapter
94, Laws Nineteenth General Assembly, entitled "An act to
repeal chapter 115, Laws of the Eighteenth General Assem-
bly, relating to the compensation of sheriffs, and to enact a
substitute therefor.)" The provision above quoted, contained
in chapter 115 of the Laws of 1880, constitutes section 4 of
said chapter 94. It is insisted by counsel for appellant that
section 3807 of the Code has not in terms been repealed;
that it includes a sheriff; and therefore it is insisted that, as
it relates to a special subject, and as no reference was made
thereto in the subsequent law fixing the fees of a sheriff,
therefore it cannot be regarded as repealed by implication,
such repeals not being favored. It is further said that "a
general later law does not abrogate an earlier special one."
There is much force in these suggestions. It, however,
seems to us that this thought is entitled to consideration,
and is controlling: that is to say, the later statute refers only
to sheriffs, fixes their fees, and therefore must be regarded
as a special statute. There is no doubt, we think, that the
laws of 1880 and 1882 were designed and intended to pro-
vide what compensation sheriffs should receive for all ser-
vices therein contemplated. It will be observed that they
provide a compensation for each warrant served. This
includes all warrants, including those for the seizure of intoxi-
cating liquors. Inasmuch as this is a special law regulating
and providing compensation for services performed by sher-

iffs, we think it should be regarded as repealing all prior laws in conflict therewith. Besides this, a justice of the peace may appoint any person of suitable age to perform any particular duty devolving on the constable, and he is entitled to the same fees. Code, § 3630. Such appointee is not a constable, but he is an officer, and to him section 3807 of the Code applies, and has full force and effect.

The result is that the judgment of the circuit court is right. The plaintiff must pay one-half of the costs. On both appeals the jugdment is

AFFIRMED.