J. C. PAINTER, Appellee, v. POLK COUNTY, Appellant.

Payment: MISTAKE OF LAW. The voluntary payment by a county, through its authorized agents, of fees claimed by one for services rendered in his capacity as sheriff of the county, under the mutually mistaken belief that the county is legally bound therefor, is a mistake of law and not of fact, and will not support an action for the recovery thereof by the county

*Appeal from Polk District Court.*—HON. CHARLES A. BISHOP, Judge.

WEDNESDAY, OCTOBER 22, 1890.

ACTION to recover fees due to plaintiff for services rendered as sheriff of said county. Plaintiff's claim is admitted, but defendant asks to be allowed as a counterclaim certain other fees paid to plaintiff to which he was not entitled under the law. The case was submitted to the court upon an agreed statement of facts, and judgment rendered in favor of the plaintiff.

Defendant appeals, assigning the rendering of the judgment as error.

*C. P. Holmes*, for appellant.

*Cummins & Wright*, for appellee.

GIVEN, J.--I.  The agreed statement of facts is as follows : "It is agreed and stipulated between the parties hereto that, during the years 1884, 1885, 1886 and 1887, the plaintiff was the sheriff of Polk county, duly elected and qualified; that during these years he attended with prisoners before the court in this county ; that for such service he presented his bills to the board of supervisors of defendant county, a copy of which said bills, so far as material, are hereto attached, and made a part hereof; that during said years the plaintiff also presented to said board of supervisors bills for the commitment and discharges of prisoners in cases where such prisoners were not actually committed and discharged from the jail, as shown by the records kept by the jailer of the persons received into and discharged from said jail, a copy of which said bill is hereto attached ; that the defendant has paid plaintiff for and on account of such attendance the sum of three hundred and thirty-one dollars, and on account of such commitments and discharges the sum of seventeen dollars, said bills having been duly allowed, and warrants issued and paid, in the ordinary course of business ; that said bills were presented and allowed upon the belief that the defendant county was legally liable to the plaintiff for services in attending with prisoners before the court, and was in the same manner liable for such commitments and discharges.   There is now in hands of the defendant, and owing plaintiff, upon settlements of other accounts with the defendant, the sum of three hundred and forty-eight dollars, which is now retained by the defendant, awaiting the determination of the question as to whether or not defendant is entitled to recover of plaintiff the amount paid to him upon said bills for services

for attending before the court with a prisoner, and for commitment and discharge of prisoners not actually committed and discharged from custody in jail.''

The mistake as to the law with respect to fees for attendance evidently arose from the fact that, under the Code of 1873, sheriffs were allowed for ''attendance with a person before the court or judge when required, for each day one dollar.'' This was changed by chapter 115, Acts, Eighteenth General Assembly, the word '' court'' being omitted. In *Painter v. Polk Co.*, 70 Iowa, 596. it was held that, under this statute as changed, sheriffs were not entitled to fees for attending before a court with a prisoner. The three hundred and thirty-one dollars' fees for attendance in question were paid after the change in the law, and before the announcement of the opinion in *Painter v. Polk Co.*, *supra*, and the only question with respect thereto is whether, having been paid under a mutual mistake as to the law, the defendant is entitled to recover it back.

II. Appellant admits ''the general proposition that payments made under misapprehension or mistake of law cannot ordinarily be recovered back,'' but insists that it does not apply to the payments of fees or salary made by public officers to public officers. To permit persons who have made a payment to plead ignorance of the law as a ground for recovering it back would be counter to that indispensable principle to civil government that all persons of sufficient age and sound mind are presumed to know the law, and would go far towards unsettling business transactions, and encouraging litigation. We discern no reason why the rule should be different in this case from what it would be between private individuals. The necessities for the rule are the same. *Gilman v. Des Moines Valley Ry. Co.*, 40 Iowa, 200, and *Hawkeye Ins. Co. v. Brainard*, 72 Iowa, 130, do not support appellant's position. In those cases it was held to be against public policy for an officer to contract for a different fee than that allowed by law. That was exclusively a question of public policy. In *Palo Alto Co. v. Burlingame*, 71 Iowa, 201, it was not

a question of recovering back a payment made, but whether the unauthorized act of the board allowing the clerk to retain fees to which he was not entitled was a good defense to an action for 'heir recovery.

Cases are cited in support of the position that, when a party has paid money upon a consideration which is illegal, the law implies a promise on the part of the person to whom, or to whose use, it is paid, to refund. There is no question of illegal consideration before us. If there were, our inquiry would then be whether the courts would afford any relief to either party. In *Badeau v. United States*, 130 U. S. 439 ; 9 Sup. Ct. Rep. 579, the plaintiff was seeking to recover his salary as a retired army officer, while he at the same time had been accepting pay in the diplomatic service. The United States denied his right to recover, and sought to recover by way of counterclaim a large sum which it was claimed had been erroneously paid him without authority of law as his salary as an army officer, during which time he was not in fact in the army ; and it was held, that the government could not recover money paid under the mistaken belief that there was a legal liability therefor.

In *Kraft v. City of Keokuk*, 14 Iowa, 86, the plaintiff sought to recover back money paid by him to defendant for a license, under a law which was afterwards held to be unconstitutional. This court held that he could not recover the money so paid, because paid under a mistake of law. The court says : "The law does not permit him to allege his ignorance, and make it the foundation of his right to recover back the money. The principle upon which courts refuse to relieve mistakes in law is, we suppose, the fact that the law presumes every man to be cognizant, not only of what are its provisions in force, but how far they are valid and operative."

The appellant contends that one hundred and sixty dollars of the amount paid for attendance, and seventeen dollars paid for commitments and discharges, were

paid under mistake of fact, and not of law. The agreed statement of facts does not support this claim. It not only fails to show that the payments were made under a mistake of fact, but expressly states that the claims were presented and allowed upon the belief that the defendant county was legally liable to the plaintiff. The judgment of the district court is AFFIRMED.