# JANUARY TERM, 1895.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. WILLIAM A. JOHNSTON, } Associate Justices.
Hon. STEPHEN H. ALLEN,

The State of Kansas v. John T. Deets, *as Sheriff of Crawford County.*

Fees and Salaries, *Regulation of—Void Statute.* Chapter 95, Laws of 1893, entitled "An act regulating the fees and salaries and prescribing certain duties of the county officers of Cherokee and Crawford counties, Kansas, and providing penalties for violation of the provisions of this act," is unconstitutional and void.

*Appeal from Crawford District Court.*

On February 6, 1894, an information was filed in the district court of Crawford county charging John T. Deets, sheriff of that county, with unlawfully failing, neglecting and refusing to present and file a statement of his fees and mileage with the board of county commissioners of the county on the 5th day of February, 1894, that being the first day of the regular session of the board of the county for the month of February, 1894. The defendant filed a motion to quash the information, alleging the unconstitutionality of the act under which the information was drawn, being chapter 95, Laws of 1893, entitled "An act regulating the fees and salaries and prescribing certain duties of the county officers of Cherokee and Crawford counties, Kansas, and providing penalties for the violation of the provisions of this act," approved March 10, 1893. The following sections of said chapter 95 read:

"Sec. 13. This act shall not affect the salaries of county

officers of Cherokee and Crawford counties now holding office.

"SEC. 14. All acts or parts of acts heretofore· passed and now in force that conflict with the provisions of this act are hereby repealed in so far only as they conflict with the operation of this act.

"SEC. 15. This act shall take effect and be in force from and after its publication in the statute book."

This motion was by the court sustained, and *The State* appeals from the judgment rendered thereon.

*W. H. Morris,* for appellant.

*Fuller & Randolph,* and *Gaitskill & Butterworth,* for appellee.

The opinion of the court was delivered by

HORTON, C. J.: If chapter 95, Laws of 1893, attempting to regulate the fees and salaries of the county officers of Cherokee and Crawford counties, be interpreted so that all of its provisions took effect from and after the 18th of May, 1893, the date of its publication in the statute books, except those directly affecting the salaries of the officers, then a part of the act took effect at one time, and other parts will not take effect until later periods. Section 13 provides: "This act shall not affect the salaries of county officers of Cherokee and Crawford counties now holding office." At the time the act was published, Crawford county had a sheriff, coroner, county clerk, register of deeds, and county surveyor, whose terms of office expired in January, 1894; a treasurer, whose term expired in October, 1894; a probate judge, district clerk, county superintendent, and county attorney, whose terms of office expired in January of 1895; and three county commissioners, one whose term expired in January, 1894; the others will expire in 1895 and 1896, respectively. If chapter 95 be construed as not having any force or effect during the official life of the officers of Crawford county in office on March 10, 1893, the date of the approval of the act, then the intention

was to make the act apply by piecemeal at four different times, to wit, January, 1894, October, 1894, January, 1895, and January, 1896. "A legislative act, whether general or special, is passed as an entirety, approved as an entirety, and the generally accepted interpretation of the constitutional limitation is, that it must become a law as an entirety." (*Comm'rs of Cherokee Co. v. Chew*, 44 Kas. 162; *Comm'rs of Miami Co. v. Hiner*, ante, p. 334; *Finnegan v. Sale*, ante, p. 420.)

Further, chapter 95 is inimical to the provisions of § 16, article 2, of the state constitution. It does not contain the section or sections sought to be amended, and if full force be given to § 14, then several sections of prior statutes relating to the fees and salaries of the officials of Cherokee and Crawford counties were amended in part in January and October, 1894, others will be amended in part in January, 1895, and still others amended in January, 1896. Indeed, it is difficult to read chapter 95, with the prior statutes in force at the time of its passage, and understand what parts of the prior statutes are amended, in the absence of the new act containing the section or sections amended. Then, again, the provisions of § 14 of chapter 95, if valid, repeal a part of the provisions of prior statutes relating to the fees and salaries of county officers at one time, and other parts at several other and different times. For these and other manifest and manifold reasons, chapter 95 is unconstitutional and void. The judgment will be affirmed.

All the Justices concurring.