JONES COUNTY, Appellant, v. HIRAM ARNOLD.

Sheriffs:  FEES.   A sheriff who performs the duties of a constable
1  acts in his capacity as sheriff and not as constable, and the
   fees for services in performing such duties are to be taken into
   account in fixing his salary.

**Same:** EXCESSIVE PAYMENT: RECOVERY BY COUNTY. A county may recover back from a sheriff fees paid him in excess of what he was entitled to receive by reason of the fact that the board of supervisors failed to take into account fees which he had collected while acting as constable.

*Appeal from Jones District Court.*— HON. J. H. PRESTON, Judge.

MONDAY, MAY 20, 1907.

ACTION to recover from defendant a sum of money paid to him by way of compensation for his services as sheriff in excess of the amount to which he was entitled by law. Trial to the court without a jury, and judgment for defendant, from which the plaintiff appeals.— *Reversed.*

*Jamison & Smyth,* for appellant.

*Remley & Remley,* for appellee.

McCLAIN, J.— There was a settlement between the plaintiff county and the defendant as sheriff for his compensation under the provisions of Code, section 510, as amended by 29 General Assembly, Laws 1902, chapter 27 (see Code Supp. 1902, section 510a, and section 511), under which such amount as was necessary was paid to the defendant to bring his compensation, including fees received by him, up to the statutory amount. But in this settlement the defendant did not report fees received by him for the discharge of the duties of constable in justices' and mayors' courts, and, if the fees so received had been reported by him as received in his capacity as sheriff, and taken into account in the settlement, he would have been entitled to a less amount on such settlement than the amount received, and this action is brought to recover the excess thus paid. There are two questions for determination: First, whether the amount of fees received by the sheriff in performing the

duties of constable are to be taken into account in determining his compensation as sheriff; and, second, whether the settlement under which the money was paid to him in the adjustment of his claim for compensation is conclusive.

I.   In Code Supp. 1902, section 511, it is provided that each sheriff is entitled to charge and receive certain fees, and it is further provided therein that, " when sheriffs per-

1. Sheriffs: from official duties in justices' courts, their
fees. , fees shall be the same as allowed constables."

In Code, section 4591, it is provided that " the constable is the proper executive officer in a justice's court, but the sheriff may perform any of the duties required of him." We think it is clear that in thus performing the duties of constable the sheriff acts as sheriff, and not as constable, and therefore that the fees received by him for such services are fees for performing the duties of sheriff which are to be taken into account in fixing his salary.

II.   In settling with defendant at the expiration of his term of office, the board of supervisors did not take into account the fees received by defendant for services in con-

2. Same: ex- nection with proceedings in justices' and
cessive pay- mayors' courts. But it is contended that they
ment: recov-
ery by assumed defendant was entitled to those fees
county. in addition to any compensation for his serv-

ices, and that, therefore the settlement with him is conclusive as against the county.   In a case decided since the trial in the lower court we have held that officers of a public or municipal corporation cannot bind the corporation by paying as fees or compensation for services provided for by law a larger amount than authorized by statute, and that any excessive payment may be recovered back by an action at law.   *State v. Young,* 134 Iowa, 505.   In this case it is definitely stated that the case of *Painter* v. *Polk County,* 81 Iowa, 242, in which such a settlement was held conclusive, had been in effect overruled in *Heath v. Albrook,* 123 Iowa, 559.

Following the decision in *State v. Young, supra,* we

have no difficulty in reaching the conclusion that the settlement in which the board of supervisors failed to take account of fees received by defendant in justices' and mayors' courts was not conclusive; and, as we find that those fees ought to have been taken into account, the judgment of the trial court must be *reversed*.