Kraft v. The City of Keokuk.

KRAFT v. THE CITY OF KEOKUK.

1. ILLEGAL TAX. Taxes paid under a law which is invalid cannot be recovered by the payer.

*Appeal from Lee District Court.*

FRIDAY, OCTOBER 17.

ON the 6th day of July, 1857, the plaintiff applied for and obtained a license from the defendant to sell spiritous and intoxicating liquors for six months, ending on the 6th day of January, 1858. This license was granted agreeably to the provisions of an ordinance of the city, founded upon an act of the General Assembly, approved January 29th, 1857, and duly accepted and ratified by a majority of the legal voters of the county. Afterwards, on the 25th of January, 1858, the Supreme Court of this state pronounced the act of the General Assembly aforesaid unconstitutional and void, and thereupon the plaintiff brought this action to recover back the $200, which he had paid the defendant for the license aforesaid. The court below held that the action could not be maintained, and dismissed the same.

*Browne* for the appellant, cited *Biz* v. *Dickerson*, 1 T. R., 285 ; *Northrop* v. *Granes*, 19 Conn., 548 ; Story Agency,

§ 307, (2d ed.), and the authorities cited, *Elliott* v. *Swart-wout,* 10 Pet., 137.

*Strong* for the appellee, cited *Sprague* v. *Birdsall,* 2 Cow., 419; *Morgan* v. *Palmer,* 2 Barn. & Cres., 729; *Mowatt* v. *Wright,* 1 Wend., 355; *Brisbane* v. *Darcas,* 5 Taunt., 154; *Bromsley* v. *Holland,* 7 Ves., 23.

LOWE, J.— The decision of the court below is affirmed, both upon authority and principle. The claim is based upon no charge of fraud, duress, deceit, or even mistake of fact, but is founded alone upon the idea of a mistake in law, unsupported by any principle of conscience, equity or morality; in other words, that the plaintiff was ignorant that the act of the legislature referred to was inoperative and void when he paid to the city of Keokuk the $200 aforesaid, for the privilege of vending intoxicating liquors for the term of six months. The law does not permit him to allege this ignorance, and make it the foundation of his right to recover back the money. The principle upon which courts refuse to relieve mistakes in law, is, we suppose, the fact that the law presumes every man to be cognizant not only of what are its provisions in force, but how far they are valid and operative. In the case at bar, the act of the General Assembly, under the authority of which the license to sell liquor was granted to plaintiff, continued in force until after the expiration of the six months, and up to the time it was declared unconstitutional by the Supreme Court of the state. So that the plaintiff enjoyed the same advantages from his permit and monoply to sell liquor, that he would have done if the law had been effectual and valid. Not only so, but in the absence of this law, liquor, as an article of trade was contraband, and could not be sold without subjecting the seller to a criminal prosecution, immunity from which the plaintiff enjoyed during the whole term of his license. The act against which he seeks

relief is his own voluntary act, by which he must now abide. No want of good faith can be imputed to the defendant, and to allow the plaintiff to overhaul a transaction thus closed, and to recover back money voluntarily paid, any time within the statute of limitations, would, under the circumstances, be unjust and mischievous in its consequences. In confirmation of these general principles, we refer to the following authorities: 2 John. Ch. Rep., 51; 9 Cow., 674; 2 Id., 419; 10 Pet., 394; 1 Wend., 355; 5 Taunt., 154.

Affirmed.