71 U.S. 459
 18 L.Ed. 433
 4 Wall. 459
 BRADLEY
v.
THE PEOPLE.
 December Term, 1866
 
 THIS was a writ of error to the Supreme Court of Illinois.
 The case came before that court on an appeal from a decision of the Board of Supervisors of the County of Peoria, by which they had refused to assess a state and county tax on the shares of Bradley and Howell in the First and Second National Banks of Peoria. The appeal was taken by the auditor of public accounts, in behalf of the State.
 The Supreme Court reversed this decision of the board, and held the shareholders liable to the tax. The ground of exemption relied on, both before the supervisors and the Supreme Court, was want of authority in the board, within the forty-first section of the National Bank Act of June, 1864, and particularly within the second proviso of that section, which declares that the tax imposed on the shares of any banking associations under that act 'shall not exceed the rate imposed upon the shares in any of the banks organized under the authority of the States.'
 The act of the State, dated February 14th, 1857, and under which the tax was assessed, provides for taxing the capital stock of the banks, together with the surplus profits or reserved funds. No tax was imposed specifically on the shares held by the stockholder.
 
 Messrs. Dexter and Walker, for the shareholders, plaintiffs in error:
 
 The State has adopted as its policy, in the case of its banks the policy of taxing the capital and property of the bank as an entirety to the corporation itself, and thereby of relieving the shares in the hands of the holder. This may be not only the most simple, direct, and economical method, but also the more usual one of charging this kind of property with its proportionate burden for the support of the government.
 But whether the better mode or not, it is the one and the only one prescribed or authorized by the legislature of the State, and if the property in question is to be taxed at all, it must be assessed to the corporation, as part of one entire and indivisible thing. The statute is, of course, in derogation of the common law, and one by which the property of the citizen is taken and appropriated to the purpose of the government. The precise mode prescribed for the imposition of the tax must therefore be pursued.,
 The conclusion is then inevitable, that the shares of the capital stock of banks and banking associations in the State of Illinois, in the hands of the shareholder, are not subject to taxation, but are exempt therefrom.
 Now Congress provides that on any tax imposed on shares of National banks in the hands of the holder, the rate of 'such taxation shall not exceed the rate imposed upon the shares of any of the banks organized under the authority of the State where such association is located.' And if on the shares of banks organized under the law of the State, there is no rate of taxation, it follows that no taxes whatever could be imposed on the shares in question.
 
 Mr. Palmer, contra:
 
 Neither the National government, the creator of the spocies of property now taxed, nor the shareholders can be interested in the methods which may be adopted by the State for the imposition of the tax.
 The objects of the government and the rights of the shareholders are secure under any modes which only impose the same rate of taxation upon the shares in National banks, that is imposed upon the shares in any banks organized under the laws of the State.
 The inquiry then is: Do the laws of Illinois impose or is it proposed under those laws to collect from the plaintiffs in error any greater rate of taxation than is imposed upon shareholders in State institutions?
 It is said that this is a tax not upon shares, but upon capital. But what difference does it make whether the shares are taxed to the several shareholders or the capital stock, which is the aggregate of all the shares, taxed to the corporation? 'The amount assessed by either mode is precisely the same. The shares represent the capital stock, and the capital stock represents the shares. If listed by the shareholder he would pay the tax directly, and if listed by the bank he would pay the same amount indirectly, as in that case the bank would apply, for that purpose, what would otherwise go to the shareholder as a portion of his dividend on his stock. It only accomplishes the same end in a different mode. It is, in this case, a tax on the shares of the capital stock and at the same rate.'
 The shares in the State banks are taxed, and at the same rate as the shares of the banks created by the National banking law; and in no event can the shares in the local banks be taxed at a different rate from the shares in the National banks under existing State legislation. Where all the shares in a National bank are taxed, it can only equal the value of its capital stock, and that is the measure of the amount required to be assessed on the stock of the State banks.
 Reply: It is said that the entire capital, which includes all the shares, is taxed as a whole, and that this, so far as the rate is concerned, is equivalent to taxing the shares. But the answer to this is, that under well-known principles of law, the statute laying the tax is to be strictly construed. The mode of taxation designated must therefore be scrupulously adhered to, and for it there is and can be no substitute or equivalent.
 Again, a tax levied upon the entire capital of a bank. which includes all the shares, is not the same thing or equivalent to a tax levied upon the shares in the hands of the stockholders. 'The corporation,' says this court, in Van Allen v. The Assessors,[1] 'is the legal owner of all the property of the bank, real and personal; and within the powers conferred upon it by the charter, and for the purpose for which it was created, can deal with the corporate property as absolutely as a private individual can deal with his own. This is familiar law, and will be found in every work that may be opened on the subject of corporations.' A striking exemplification may be seen in the case of The Queen v. Arnoud.[2] The question related to the registry of a ship owned by a corporation. Lord Denman observed: 'It appears to me that the British corporation is, as such, it sole owner of the ship. The individual members of the corporation are no doubt interested, in one sense, in the property of the corporation, as they may derive individual benefits from its increase, or loss from its decrease; but in no legal sense are the individual members the owners.'
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 The question raised in this case came before us in the case of Van Allen v. The Assessors,[3] from New York, where the statute taxing the State banks was substantially like that of Illinois. We there held the tax unauthorized for the defect stated.
 
 
 2
 It was in that case attempted to be sustained on the same ground relied on here, that the tax on the capital was equivalent to tax on the shares, as respected the shareholders. But the position was answered that, admitting it to be so, yet, inasmuch as the capital of the State banks may consist of the bonds of the United States, which were exempt from State taxation, it was not easy to see that the tax on the capital was an equivalent to a tax on the shares.
 
 
 3
 We see no distinction between the two cases, and the judgment of the court below must be reversed, and the proceedings remanded, with directions to enter a judgment affirming the decision of the board of supervisors.
 
 
 4
 JUDGMENT ACCORDINGLY.
 
 
 5
 Mr. Justice DAVIS took no part in the decision of this case.
 
 
 
 [1]
 3 Wallace, 584.
 
 
 [2]
 9 Adolphus and Ellis, New Series, 806.
 
 
 [3]
 Wallace, 573, 581.