THE DUBUQUE & SIOUX CITY R. CO. v. THE BOARD OF SUPER-
VISORS OF WEBSTER CO.

THE IOWA HOMESTEAD CO. v. THE SAME.

**Taxes:** WHEN NOT RECOVERABLE. To entitle one who has volun-
tarily paid taxes to have the same refunded, in accordance with Sec. 762
of the Revision, the tax must be shown to be erroneous or illegal in
assessment or levy. An action will not lie to recover from the county
for taxes, paid under a misapprehension in regard to the ownership of
the taxed property, where the tax-payer had full knowledge of all the
facts upon which his claim of title is based.

*Appeal from Webster District Court.*

SATURDAY, OCTOBER 24.

THESE are actions for a writ of mandamus to compel the
Board of Supervisors to issue, in each case, an order to the
treasurer of the county, directing the payment to plaintiffs
respectively of sums of money paid by them for taxes, which
they allege were paid by mistake. On final hearing the writ
was denied. The plaintiffs appeal.

*Grant & Smith* and *Doud & Hawley*, for appellants.

*Duncombe, O'Connell & Springer*, for appellee.

MILLER, CH. J.—These cases were argued and submitted
together. They will be considered in one opinion. The
plaintiffs demand writs of mandamus against the defendant to
compel the refunding to them respectively of certain taxes
which they allege they have paid upon lands in Webster
county, which they claimed to be the owners of in fee simple
at the time of the payments of the several taxes, and which
they supposed they did own under the acts of Congress and
the General Assembly of Iowa, making grants of land to aid
in the construction of certain railroads in the State of Iowa,
until it was decided by the Supreme Court of the United
States that the plaintiffs never had title to any of said lands.

The defendant, among other defenses, pleads that the plaintiffs paid, voluntarily, all of the taxes sought to be recovered back, with full knowledge of all the facts; that the action is barred by the statute of limitations, and that the subject matter of the action has been adjudicated in prior proceedings between the parties.

It is admitted that a demand was made in each case upon the Board of Supervisors for an order on the treasurer to refund the taxes to the plaintiffs before the commencement of suit. The evidence shows that, during the several years for which the plaintiffs paid taxes on these lands, they asserted their title thereto in fee simple, and made sales of portions of the same to purchasers; that the taxes were voluntarily paid by an agent of the plaintiffs who was at the time " conversant with all the facts."

This action is brought, and must be sustained, if at all, under Sec. 762 of the Revision, which is as follows: " In all cases where any person shall pay any tax, interest or costs, or any portion thereof that shall thereafter be found to be erroneous or illegal, whether the same be owing to erroneous or improper assessment, to the improper or irregular levying of the tax, to clerical or other errors or irregularities, the Board of Supervisors shall direct the treasurer to refund the same to the tax-payer."

The payments having been made voluntarily, with knowledge of all the facts, believing that under the law the lands belonged to the plaintiffs, the mistake was one of law, and no action at the common law or in equity lies to recover the money thus paid; and unless the above section of the statute affords the remedy sought, there is none. *Kraft v. The City of Keokuk*, 14 Iowa, 86; *Espy v. The Town of Ft. Madison*, Id., 226.

Under the above section of the law, the Board of Supervisors are required to order the treasurer to refund to the person who has paid any tax, interest or cost, or any portion thereof, which shall be thereafter found to be erroneous or illegal for any of the reasons enumerated. In order to entitle a taxpayer to have any tax, interest or costs, paid by him, refunded,

such tax must be erroneous or illegal. Such error or illegality may be owing to either an erroneous or improper assessment, to the improper or irregular levying of the tax, to clerical or other errors or irregularities. The error or irregularity must be connected with the assessment or levy of the tax, or clerical or other errors or irregularities in the books or lists. This section does not contemplate an error of judgment as to the law respecting the title to the land, committed by the tax-payer. It was not intended to protect him against errors or mistakes of law committed by himself, but against errors and illegalities committed by the officers of the law to whom is entrusted the duties of assessing, levying and collecting taxes.

Again, the tax-payer is entitled, under this statute, to be re-imbursed only where the taxes paid by him are erroneous or illegal. There is no pretense that any of the taxes paid in this case were in any respect erroneous or illegal. The simple claim is that the plaintiffs paid the taxes voluntarily, with full knowledge of all the facts upon which they based their claims of ownership of the lands, believing and insisting that they were the owners thereof in fee simple, but that it was afterwards decided by a competent court that they had no title thereto. The statute was not intended to cover mistakes or errors of law made by the tax-payer under circumstances like these. The actions brought by the plaintiffs cannot, therefore, be maintained. They are not entitled to the writ of mandamus prayed. Whether they may not have an action against the true owner of the lands, who has received the benefit of their payment of the taxes, we do not determine.

The foregoing views dispose of the cases, so that it becomes unnecessary for us to examine the defenses of the statute of limitations, and *res adjudicata*. The judgments of the court below are

AFFIRMED.