PEOPLE v. COMMISSIONERS OF TAXES AND ASSESSMENTS.

1. The shares of stock of a national bank in New York should be assessed for taxation at their actual value.
2. The ruling in *Van Allen* v. *The Assessors*, 3 Wall. 573, as to the invalidity of the act of the legislature of New York of March 9, 1865, known as the Enabling Act, so far as it provided for the taxation of shares in a national bank, reaffirmed.

ERROR to the Court of Appeals of the State of New York.

The relator, the Gallatin National Bank of the city of New York, was, prior to 1864, a State bank, incorporated under the general banking laws of New York. It surrendered that charter, and was reorganized as a national bank, under the act of Congress of June 3, 1864, 13 Stat. 99, known as the National Banking Act, and c. 97 of the laws of 1865 of New York, known as the "Enabling Act," with a capital of $1,500,000, divided into thirty thousand shares of $50 each.

The bank has reserved from profits $300,000. It also holds, on deposit with the treasurer, bonds of the United States of the par value of $591,000, on which the premium, estimated at twenty per cent, would be $118,200; so that the bank has, in addition to its capital, a surplus of $418,200.

The commissioners of taxes and assessments of the city of New York having signified their intention to tax this surplus, the president of the bank made a statement of its condition. Its capital and surplus were shown to be $1,918,200, which, on a division, would make each share $63.60. As those bonds were liable to daily and almost hourly fluctuation, and so might slightly exceed the estimate, he made affidavit that the value of each share did not exceed $64.

Thereupon the commissioners, deducting $5 per share as the proportion of the assessed value of the bank's real estate, took $59 as the valuation of each share, and imposed the tax accordingly. The relator, to test the validity of such assessment, sued out of the Supreme Court of the State a writ of *certiorari*, which, upon a hearing, was quashed; and it thereupon appealed to the Court of Appeals, where the judgment below was affirmed. It then brought the case here.

The statutes bearing upon the question at issue are set forth in the opinion of the court.

*Mr. Daniel D. Lord* for the appellant.

The surrender by the Gallatin Bank of its original charter, and its reorganization under the National Bank Law, in conformity with the Enabling Act of New York, formed a contract with the State, limiting, for taxable purposes, the assessment of the shares of the bank to their par value. This contract is as much protected by art. 10 of the Constitution of the United States as are contracts between individuals. *Prov. Bank* v. *Billings*, 4 Pet. 514; *Gordon* v. *Tax Court*, 3 How. 133; *Piqua Bank* v. *Knoop*, 16 id. 369; *Ohio Life Insurance & Trust Co.* v. *De Bolt*, 16 id. 416; *Jefferson Bank* v. *Skelly*, 1 Black, 436; *Home of the Friendless* v. *Rouse*, 8 Wall. 430; *Wash. University* v. *Rouse*, id. 439.

*Mr. Hugh L. Cole, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The relators complain that their shares of stock in the Gallatin National Bank are assessed at too large a sum. They appeal from the judgment of the Court of Appeals sustaining the determination of the commissioners of taxes, which fixed the taxable value of such shares at $59 each, whereas the par or nominal value of such shares is $50 each.

Many grave questions were discussed by the council upon the argument, to which we do not think it necessary to refer. We place our judgment upon a single ground.

The laws of the State of New York provide that shares of stock like those we refer to shall be assessed " on the value " of the shares, and at " their full and true value, as they (the assessors) would appraise the same in payment of a just debt due from a solvent debtor," deducting the proportional value of the real estate owned by the bank. 2 Stat. N. Y. 1866, p. 1647, c. 71; 1 R. S. N. Y. 393, sect. 17.

The assessors were justified, under this authority, in fixing the value as we have stated. The appraisement included the reserve fund, which is as much a part of the property of the bank, and goes to fix the value of shares, equally as if it were not called by that name, but remained as a part of the

specie, bills discounted, or other funds of the bank, undistinguished from the general mass.

The forty-first section of the act of Congress of June, 1864, provides that the States may tax the shares of national banks, subject to two restrictions : 1st, That this taxation shall not be " at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State ; " and, 2d, " that the tax so imposed . . . shall not exceed the rate imposed upon the shares of any of the banks organized under the authority of the State where such association is located." 13 Stat. 112. In *Hepburn* v. *The School Directors*, this court decided that, in making assessment of bank shares by this authority, it was competent to assess them at an amount above their par value. 23 Wall. 480.

But the relators insist that, by the act of the legislature of the State of New York, passed March 9, 1865, it was enacted that the shares of a bank could not be assessed at an amount greater than the par value thereof, and that such statute created a contract with the banks organized under the same, which could not be altered by a subsequent legislature. Hence it is argued that the act of 1866, authorizing such shares to be assessed at a rate which may exceed their par value, is a law impairing the obligation of a contract, and is void.

The section of the statute of 1865 referred to is as follows, viz. : —

" Sect. 10. All the shares in any of the said banking associations, organized under this act, or the act of Congress, . . . held by any person or body corporate, shall be included in the valuation of the personal property of such person or body corporate or corporation, in the assessment of taxes in the town or ward where such banking association is located, and not elsewhere, whether the holder thereof reside in such town or ward, or not; but not at a greater rate than is assessed upon other moneyed capital in the hands of individuals of this State : *Provided*, that the tax so imposed upon such shares shall not exceed the par value thereof; *and provided further*, that the real estate of such associations shall be subject to State, county, or municipal taxes, to the same extent, according to its value, as other real estate is taxed."

Had this been a valid statute, we might have been called upon to discuss the point raised. But it was held in *Van Allen* v. *The Assessors*, 3 Wall. 573, that this statute was fatally defective, in that it did not contain a proviso that the tax thereby authorized to be imposed should not exceed the rate imposed upon banks organized under the authority of the State. The system of taxation devised by the statute of 1865 was adjudged to be illegal and void. The clause now laid hold of by the relators was simply a proviso or qualification of that system. It necessarily fell with it. When the main idea was thrown out of existence, the subordinate parts, which were adjuncts of and dependent upon the main theory, ceased to exist. There never was, legally speaking, any such proviso or enactment as the relators claim the benefit of. Of course, there could be no such thing as a violation of contract contained in a proviso which never existed. *Warren* v. *The Mayor*, 2 Gray, 98, 99; Sedgwick on Statutes, 413, 414 (ed. of 1874).

*Judgment affirmed.*