THE CITY OF CARTHAGE V. THE FIRST NATIONAL BANK OF CARTHAGE, *Appellant.*

**Municipal Taxation of National Banks.** A State has no power to authorize any taxation of National banks except such as is permitted by the National banking act of Congress, *i. e.*, a tax on the shares of the banks. It cannot authorize its municipalities to exact license taxes from such corporations doing business within their limits.

*Appeal from Jasper Court of Common Pleas.*—HON. E. O. BROWN, Judge.

REVERSED.

*E. J. Montague* for appellant.

*M. G. McGregor* for respondent.

NORTON, J.—By the record it appears that on the 27th day of December, 1876, complaint was filed before G. M. Robinson, city recorder of respondent, charging that appellant did set up, keep and carry on the business of banking within the corporate limits of said city, without first having obtained a license from said city of Carthage as a banker, contrary to the provisions of section 7 of ordinance No. 19, which section reads as follows, to wit : "No person or corporation shall be authorized to set up, keep, carry on, or maintain the business of banking, money broker, or exchange dealer, either under or by virtue of the laws of the State or of the United States, nor shall any person or corporation set up, carry on, or maintain any savings association or institution, for the purpose of dealing in exchange or doing a banking or loan business within the limits of the city of Carthage, unless such person or corporation shall first obtain a license from said city as a banker, broker or exchange dealer." On the trial of the cause before the city recorder, judgment for $100 was rendered for plaintiff, and on appeal therefrom to the common pleas court of Jasper county, defendant demurred to the

·complaint, on the ground that the ordinance on which it was based was void, for want of authority in the general assembly to authorize its enactment, and because the ordinance imposed a tax on defendant. The demurrer was overruled and judgment rendered for plaintiff, from which defendant has appealed.

In the case of *McCulloch v. The State of Maryland*, 4 Wheat. 316, it was held that congress had the constitutional right to authorize the incorporation of banks; that a bank thus incorporated had a right to establish its offices of discount and deposit within any State, and that when so established the State could not tax it. This decision was made with reference to the question whether the State of Maryland could impose a tax on the bank of the United States, incorporated under an act of Congress of April 10, 1816. The principle therein announced, has been re affirmed and applied to the act of congress authorizing the incorporation of National Banks, in the following cases: *Van Allen v. Assessors*, 3 Wall. 573; *Bradley v. The People*, 4 Wall. 459; *Lionberger v. Rouse*, 9 Wall. 468; *Tappan v. The Bank*, 19 Wall. 490; *Hepburn v. School Directors*, 23 Wall. 480. In all of these cases it has been held that a State can only impose such a tax upon these national banking corporations as is authorized in the act of congress creating them, and that said act only authorizes a tax on the shares in such bank and not upon its capital stock that such banks derive their authority to do business in the States by virtue of a United States statute which is supreme. It therefore follows, that the right of defendant to conduct its business as a banking institution is in no way dependent on a license to be obtained either from the State or any of its municipalities. The demurrer ought to have been sustained and for the error committed in overruling it the judgment is reversed, in which all concur.