THE FIRST NATIONAL BANK OF ESTHERVILLE, IOWA, ET AL., Appellants, v. THE CITY COUNCIL OF ESTHERVILLE, Sitting as a Board of Equalization and Review.

**Taxation of national bank stock:** STATUTES: DISCRIMINATION. The statutes of this state do not provide for the taxation of shares of stock in state and savings banks, as determined by the federal court, which determination is binding upon the state courts, and therefore the taxation of shares of stock of national banks is invalid because in violation of the federal statute providing that there shall be no discrimination against national bank stock in the matter of taxation, in favor of other moneyed capital in the hands of individual citizens of the state which comes in competition with the business of national banks.
Weaver and Evans, JJ., dissenting.

*Appeal from Emmet District Court.*—HON. A. D. BAILIE, Judge.

THURSDAY, JANUARY 19, 1911.

ACTION in equity to cancel the assessment of the shares of stock of the plaintiff bank. The relief asked was denied, and the plaintiffs appeal.—*Reversed.*

*Soper & Alexander* and *Chas. A. Clark,* for appellant.

*Byron M. Coon,* for appellee.

SHERWIN, C. J.—The bank and its coplaintiffs, who are the stockholders therein, appealed to the district court from the action of the city council, sitting as a board of equalization, in raising the assessment on the shares of its capital stock from $110 per share to $130 per share, exclusive of real estate, and in ordering the same assessed and taxed for the year 1907 upon the latter valuation.

In the district court the appellants pleaded that the assessment in question was excessive and inequitable and a discrimination against the stockholders of the bank, and, further, "that the statutes of Iowa do not authorize, require, or permit taxation upon the shares of stock of state, savings or private banks, or loan or trust companies, and that the taxation of shares of stock of national banks, is special, unequal, and discriminates against shares of stock of national banks only, and imposes taxes upon such shares which are wholly void and, as to the entire amount thereof, at a greater rate than is assessed upon the moneyed capital in the hands of individual citizens of said state in the form of shares of stock of such state, savings, and private banks, and loan and trust companies, and such taxes on shares of stock are wholly void under section 5219 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3502)."

The appellants urge that the assessment of their bank stock is wholly void under section 5219 of the United States statutes, for the reason that by the statutes of this state shares of stock of national banks are assessed to the owners thereof, while no taxation is levied upon shares of stock in state banks, savings banks, or loan and trust companies.

If the appellants' contention that the shares of stock

in state and savings banks can not be taxed under the state statutes must be sustained, we think it settled by authority, binding upon us in this and similar cases, that the assessment of the shares of national bank stock is a discrimination against such shares and banks prohibited by section 5219 of the United States statutes.

The vital question in this case, then, is whether under our statutes, Code, sections 1321-1325, the shares of stock in state and savings banks are taxable. The appellee practically concedes that they are not, and in *Home Savings Bank v. Des Moines,* 205 U. S. 503 (27 Sup. Ct. 571, 51 L. Ed. 901), the Supreme Court of the United States, speaking through Mr. Justice Moody, so held.

In that case the question now under consideration was directly involved, and it was held that under the state statutes a tax is imposed upon the property of the corporation, and not upon the shares of stock therein, as the property of the owners of such stock. It was urged that, where a tax is levied upon a corporation, measured by the value of the shares of stock in it, it is equivalent in its effect to a tax upon the stockholders in respect of their shares, because, being paid by the bank, the burden thereof eventually falls upon the shareholders, and in answer to such contention the court said: "But the two kinds of taxes are not equivalent in law, because the state has the power to levy one, and has not the power to levy the other. The question here is one of power, and not of economics. If the state has not the power to levy this tax, we will not inquire whether another tax, which it might lawfully impose, would have the same ultimate incidence." So far as the language quoted was meant to apply to the state's taxation of its own corporations, or the shareholders therein, it is evidently not sound, because the state may determine whether it will tax in one form or another. But, if the language used by the learned justice referred to the taxation of national banks by the states, the conclusion an-

nounced was but a reiteration of the holding of the United States Supreme Court on the same question in former cases, and of this court in an early case. *Owensboro National Bank v. Owensboro,* 173 U. S. 664 (19 Sup. Ct. 537, 43 L. Ed. 850); *Hubbard v. Supervisors,* 23 Iowa, 130. We are not ready to assent to the construction given our own statute in the *Home Savings Bank* case, but, in so far as such construction affects the question of the taxation of shares of national bank stock, we consider it binding upon us because a federal question was involved, the final determination of which rests with that court.

We are brought, then, to the question whether a state revenue law which authorizes and requires the taxation of national bank shares as such, but does not provide for or permit the taxation of shares of stock in state banks, is in contravention of section 5219 of the statutes of the United States, and therefore invalid. And to this question we think there can be but one answer. When it must be conceded, as it must be here, under the decision in the *Home Savings Bank* case, that shares of stock in state banks are not taxable under our statute, the conclusion is inevitable that the taxation of shares of stock in national banks is a discrimination against such stock, which is prohibited by section 5219. Under said section any discrimination against national bank shares of stock, in the matter of taxation, in favor of other moneyed capital in the hands of individual citizens of the state which comes into competition with the business of national banks is forbidden. *Mercantile Bank of New York,* 121 U. S. 152 (7 Sup. Ct. 826, 30 L. Ed. 895); *People v. Commissioners,* 94 U. S. 418 (24 L. Ed. 164); *People v. Weaver,* 100 U. S. 539 (25 L. Ed. 705); *Bradley v. People,* 4 Wall. 462 (18 L. Ed. 433); *Van Allen v. Assessor,* 3 Wall. 581 (18 L. Ed. 229); *Bank of Commerce v. Seattle,* 166 U. S. 463 (17 Sup. Ct. 996, 41 L. Ed. 1079); *Aberdeen Bank v. Chehalis County,* 166 U. S. 440 (17 Sup. Ct. 629, 41

L. Ed. 1069); *San Francisco Nat. Bank v. Dodge,* 197
U. S. 70 (25 Sup. Ct. 384, 49 L. Ed. 669); *Citizens' Nat.
Bank v. Burton,* 121 Ky. 876 (90 S. W. 944, 28 Ky.
Law Rep. 864, 10 L. R. A. [N. S.] 947). And see, *Hubbard v. Supervisors,* 23 Iowa, 130. That the taxation of
shares of stock in national banks, when no taxation of
shares of stock in state banks is required or permitted, would
be such a discrimination as is prohibited by section 5219
is settled beyond controversy.

In the *Mercantile Bank* case, in 121 U. S., 7 Sup.
Ct. (30 L. Ed.), Mr. Justice Mathews said: "In the
valuation of the capital of state banks for this taxation,
nontaxable securities of the United States were necessarily
excluded, while in the valuation of shares of national
banks no deduction was permitted on account of the fact
that the capital of the national banks was invested in whole
or in part in government bonds. The effect of this was,
of course, to discriminate to a very important extent in
favor of investments in state banks, the shares in which,
*eo nomine,* were not taxed at all, while their taxable capital
was diminished by the subtraction of the government securi-
ties in which it was invested, and against national bank
shares taxed without such deduction at a value necessarily
and largely based on the value of the government securities
in which by law a large part of the capital of the bank
was required to be invested. It was deemed consistent,
however, with these national uses, and otherwise expedient,
to grant to the states the authority to tax them, within the
limits of a rule prescribed by the law. In fixing those
limits, it became necessary to prohibit the states from
imposing such a burden as would prevent the capital of
individuals from freely seeking investment in institutions
which it was the express object of the law to establish
and promote. The business of banking, including all the
operations which distinguish it, might be carried on under
state law, either by corporations or private persons, and

capital in the form of money might be invested and employed by individual citizens in many single and separate operations forming substantial parts of the business of banking. A tax upon the money of individuals, invested in the form of shares of stock in national banks, would diminish their value as an investment and drive the capital so invested from this employment, if, at the same time, similar investments and similar employments under the authority of state laws were exempt from an equal burden. The main purpose, therefore, of Congress, in fixing limits to state taxation on investments in the shares of national banks, was to render it impossible for the state, in levying such a tax, to create and foster an unequal and unfriendly competition, by favoring institutions or individuals carrying on a similar business and operations and investments of a like character. The language of the act of Congress is to be read in the light of this policy." See, also, on the same point, *First National Bank v. Chapman,* 173 U. S. 205, (19 Sup. Ct. 407, 43 L. Ed. 669); *San Francisco National Bank v. Dodge, supra; Citizens' Nat. Bank v. Burton, supra; Bradley v. Illinois,* 4 Wall. 459 (18 L. Ed. 433); *People v. Commissioners, supra; McHenry v. Downer,* 116 Cal. 20 (47 Pac. 779, 45 L. R. A. 737); *Van Allen v. Assessors, supra.*

It seems to us that it can hardly be questioned that the exemption from taxation of the shares of stock in state and savings banks, and the taxation of the shares of stock in national banks, cannot fail to discourage investments in the stock of national banks and to create and foster an unequal and unfriendly competition between such banks. Under the decision in the *Home Savings Bank case,* if state and savings banks have their entire capital invested in government securities, there can be no taxation thereof; and hence, under any view of the matter that may be taken, the shareholders escape taxation. For, while a national

bank with its capital in such securities can not be taxed, the holders of its shares of stock must pay a tax thereon.

The appellee contends, however, that a different rule has been announced in *Davenport Bank v. Davenport*, 123 U. S. 85 (8 Sup. Ct. 73, 31 L. Ed. 94), and that under the holding in that case the present assessment should be held valid. But the *Davenport* case followed the rule announced in the *Mercantile Bank* case as to deposits in savings banks, and the court did not therein discuss or determine the question before us.

The *Davenport* case, and others of a similar character, were reviewed by Mr. Justice Peckham in *Bank v. Chapman*, 173 U. S. 214 (19 Sup. Ct. 410, 43 L. Ed. 669), and his final conclusion as to the rule therein announced was as follows: "The result seems to be that the term 'moneyed capital' as used in the federal statute, does not include capital which does not come into competition with the business of national banks, and that exemptions from taxation, however large, such as deposits in savings banks or moneys belonging to charitable institutions, which are exempted for reasons of public policy, and not as an unfriendly discrimination as against investments in national bank shares, can not be forbidden by the federal statute."

As we have said, the decisions of the United States Supreme Court are final upon the question of the taxation of national bank shares, and we see no escape from the conclusion that, under the two lines of authorities that we have cited, the taxation of national bank shares under our present law is invalid under section 5219 of the United States statutes. The remedy, if any there be, must come from the Legislature and not from the court.

In view of our conclusion on the question discussed, we need not further notice other questions argued by counsel, except the appellee's claim that the question considered herein is not properly before us. We do not understand, however, that appellee relies upon the point

to sustain the judgment below. The question before us was specifically presented to the district court in an unassailed pleading and by that court decided. That the district court had jurisdiction in the matter is well settled. *Rood v. Board,* 39 Iowa, 444.

For the reasons given, the judgment of the district court must be *reversed.*

WEAVER, J. (dissenting).—Taxation of national banks and of shares of stock issued by such associations has been a prolific source of litigation, and the questions relating thereto upon which the courts have been called to pass are quite numerous. To avoid confusion and to keep this discussion within proper limits, it is well to restate the particular proposition brought to our attention by the appeal now before us.

Reduced to brief terms the plaintiff's allegation is that under our Iowa statute shares of stock in state, savings, and private banks are not taxable, and that because of this fact taxation of shares of stock in national banks is an unlawful discrimination against the latter, rendering the tax now in controversy wholly void and uncollectible. The majority opinion, after conceding that if shares of stock in state and savings banks can not be taxed, then the taxation of shares of stock in national banks is a discrimination against the latter, within the prohibition of section 5219 of the Revised Statutes of the United States, adds: "The vital question, then, is whether under our statutes shares of stock in state and savings banks are taxable." Keeping our attention upon the issue of law thus defined, I think it quite demonstrable that shares of stock in state and savings banks are taxable under our statutes, and this proposition I desire to present as briefly as is consistent with clearness of statement.

The Iowa statute bearing upon this subject of taxation is contained in chapter 1, title 7, of the Code and its amend-

ments. Section 1304 specifies with much particularity what items and descriptions of property are to be held exempt from taxation. Without here enumerating them, it is sufficient, to say that in this list of exemptions there is not to be found any direct or indirect reference to bank stock or corporation stocks of any kind. Section 1307 gives boards of supervisors power to remit taxes by way of favor or charity to persons suffering loss by fire or other unavoidable casualty. Section 1308 provides in express words as follows: *"All other property,* real or personal, is subject to taxation in the manner prescribed and this section is also intended to embrace . . . money whether in possession or on deposit; and credits; . . . property, situated in this state belonging to any bank or company incorporated or otherwise, whether incorporated in this or any other states; *corporation stocks not otherwise assessed or excepted.* . . ." Section 1310. "Moneys, credits and *corporation shares or stocks* except as otherwise provided . . . and *corporation shares or stocks* not otherwise taxed in kind *shall be assessed* as provided in this chapter." Section 1313: ". . . *Corporate* shares of stocks not otherwise assessed *shall be listed and assessed* where the owner lives except as otherwise provided. . . ." Section 1321 provides the manner of assessing private and unincorporated banks. Section 1322, so far as the same is here material, is as follows: "Shares of stock of national banks shall be assessed to the individual stockholders at the place where the bank is located. Shares of stock of state and savings banks and loan and trust companies shall be assessed to such banks and loan and trust companies and not to the individual stockholders." The remainder of the section directs the method by which the assessor shall arrive at the value of bank shares, which method is applicable to all banking corporations both national and state. Section 1323: "The *shares of stock* of any corporation organized under the laws of this state except those not

organized for pecuniary profit and except corporations otherwise provided for in this act *shall be assessed* to the owners thereof at the place where its principal business is transacted." Section 1325 makes it the duty of the corporation to pay the taxes levied upon the shares owned by their stockholders, and for the protection of the corpora- tion against loss on account of such payment gives it a lien upon such shares and the dividends accruing thereon. Section 1319 exempts shares in organizations not intended for pecuniary profit and shares in domestic manufacturing corporations, where the property of the corporation is assessed and taxed in kind. By section 1305 all property subject to taxation is required to be assessed at its actual value.

The foregoing provisions embody every statutory re- quirement and direction bearing upon the inquiry whether shares of state and savings banks are taxable in this state. Nowhere in this statute can there be found the slightest suggestion of a legislative purpose to take corporate shares of banks of any kind from the list of taxable property. On the contrary, the frequent repetitions and the varying forms adopted to express substantially the same idea evi- dence an anxious care on the part of the framers of the statute to leave no loophole anywhere by which this form of wealth can escape assessment and taxation. To express that thought, the resources of verbal ingenuity seem to have been exhausted. The broad declaration in section 1308 that *"all* other property" is subject to taxation is certainly sweeping enough to include corporate shares of any kind, but to avoid any quibble over the generality of this phrase the Legislature proceeds at once, in the same connection and same section, to declare in specific terms that this is *"intended to embrace corporation shares or stocks* not otherwise assessed or exempted." As we have already seen, section 1310 repeats the declaration that corporation shares or stocks not otherwise provided for

or taxed in kind *"shall be assessed,"* and still again, in section 1313, all "corporate shares or stocks" not otherwise assessed, are made assessable at the place where the owner lives, while by section 1323 "shares of stock of any corporation organized under the laws of this state" are made assessable at the corporation's principal place of business. Section 1322, as hereinbefore quoted, makes no attempt to exempt shares of banks from taxation, but assuming their taxable character undertakes to prescribe the manner of their assessment, and directs the listing of the shares of national banks to the individual shareholders and shares of state and savings banks to said corporations.   It will readily be seen from this review of the statute that shares of stocks in state and savings banks are in common with all other stocks taxable under Code, sections 1308, 1310, 1313, and 1323, or some one of them, unless they fall within the exceptions to these provisions, because "otherwise provided for" in section 1322.   Now the point made in the majority opinion and in *Home Savings Bank v. Des Moines,* 205 U. S. 503 (27 Sup. Ct. 571, 51 L. Ed. 901), on which reliance is placed, is that section 1322 makes no provision at all for the taxation of shares of stock in state and savings banks, but that the effect of this particular provision is to assess and tax not the shares of stock, but the bank capital which is, of course, a very different thing.   Assume for the time being the unimpeachable correctness of this interpretation of section 1322 and that it does not provide for the assessment of shares of stock in state and savings banks, and the net result is that such shares are left to be assessed and taxed under the other sections referred to, which specifically require the assessment and taxation of all corporate shares not "otherwise excepted" or provided for.   If this be right, then the whole foundation of the appellant's argument and of the majority opinion is removed.

Thus far I have, for the sake of the argument, as-

sumed the correctness of the interpretation by which Code, section 1322, is made to provide for taxation of the capital of state and savings banks, and not for taxation of shares of stock held therein. Determination of the truth of that proposition is not essential to the point of this dissent. I may say, however, in passing that Code, section 1322, is but one part of a somewhat elaborate scheme of taxation for state and local purposes. The subject is within the unquestionable jurisdiction of state legislation. The proper interpretation of such legislation is no less clearly a matter upon which the courts of the state may speak with authority. If, then, there might otherwise be doubt whether the taxation provided for in said section is intended to be levied upon shares of stock or upon corporate capital, and this court has construed or shall construe it to provide for the former alone and hold that the assessment against the corporation is simply a method by which it is charged with the duty of paying the taxes due from its shareholders, such interpretation is an authorized exposition of the true meaning of the law, and will be so treated and respected by courts of other jurisdictions, including the federal courts. *Livingston v. Moore,* 7 Pet. 469 (8 L. Ed. 751); *Galpin v. Page,* 18 Wall. 350 (21 L. Ed. 959); *Williams v. Eggleston,* 170 U. S. 304 (18 Sup. Ct. 617, 42 L. Ed. 1047); *Provident Inst. v. Massachusetts,* 73 U. S. 611 (18 L. Ed. 907).

This rule has been applied to the construction of a statute taxing banks and bank shares not materially unlike our own law on this subject, and a tax levied and assessed *in solido* against a bank given effect as a tax upon the shares of stockholders, the duty to pay which is by statute cast upon the bank. *First National Bank v. Chehalis County,* 166 U. S. 440 (17 Sup. Ct. 629, 41 L. Ed. 1069), See, also, *First National Bank v. Commonwealth,* 9 Wall. 353 (19 L. Ed. 701), where statutes imposing upon national banks the duty of paying taxes levied upon the

shares of their stockholders are approved and upheld. That this is the intent and purpose of our statute—to tax the shares of stock as such, and to secure the revenue therefrom by making it the duty of the corporation to pay them —is so clear from a careful reading of the entire act as scarcely to leave room for serious discussion. We have already so construed it, and I see no good reason for retreat from that position. *Bank v. Burlington,* 118 Iowa, 84.

But however this may be, I regard as impregnable the proposition that whatever meaning or effect may be given to Code, section 1322, the shares of state and savings banks are still taxable under the other provisions of the law, and if the assessor in any given case has failed to properly list them, such failure is not a discrimination against holders of national bank shares, but a mere irregularity in the exercise of his duties, which may be corrected by application to the board of equalization and by appeal therefrom, if necessary to the district court under the familiar practice which obtains in this state.

If the position of the appellant be correct that section 1322 provides for a tax upon the capital of state banks, so far from being a discrimination in their favor it is a burdensome discrimination against them, for it adds taxation of capital to taxation of shares, a thing which does not exist and can not lawfully exist with reference to national banks. That both shares and capital may be taxed, see *Judy v. Beckwith,* 137 Iowa, 34, and cases there cited. The precedent of *Home Savings Bank v. Des Moines, supra,* falls short of the case before us. The net result of that opinion is that the tax levied against the. *Des Moines Savings Bank* under section 1322 was not a tax upon its shares of stock, but a tax upon its capital, and that, so far as said capital was invested in bonds of the United States, it was exempt from that burden. The question whether such tax was an unlawful discrimination against national banks and their shareholders was not

involved therein, nor is there any logical or legal necessity· for thus extending its application to the question here presented.

I think the judgment appealed from should be affirmed.

EVANS, J.—I join in the dissent.