DES MOINES NATIONAL BANK, and ARTHUR REYNOLDS in his own behalf and in behalf of all other stockholders of said Des Moines National Bank, who appeal in their own behalf and in behalf of all the stockholders of said bank, v. THE CITY OF DES MOINES, and others, Appellants.

**Taxation:** NATIONAL BANK SHARES: VALUE: DEDUCTION OF GOVERNMENT BONDS.   That portion of the capital of a national bank invested in government bonds should be deducted from the bank assets in determining the value of its shares of stock for the purpose of taxation.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

.FRIDAY, DECEMBER 15, 1911.

THE facts appear in the opinion.—*Affirmed.*

*Robert O. Brennan, Fred W. Williams,* and *J. M. Parsons,* for appellants.

*Hager & Powell,* for appellees.

SHERWIN, C. J.—The Des Moines National Bank and Arthur Reynolds, in his own behalf and in behalf of all the other stockholders in the said bank, appealed from the action of the city council of the city of Des Moines acting as a board of review.  The issue was whether the bank and its stockholders in arriving at the value of its shares of stock for taxation were entitled to deduct from its assets its bonds of the United States.  The bank was shown to be a National Bank, organized and doing business under the laws of the United States with a capital of $300,000,. divided into 3,000 shares of $100 each.  It owned in good faith, and not for the purpose of avoiding taxation $180,000 in par value of the bonds of the United States.  This fact was made known to the assessor, and the claim was made that the bank and its stockholders had the right to deduct the amount of said bonds from its capital and surplus in determining the value of its shares for taxation to its shareholders.  The claim was denied by the assessor, and thereafter the bank and the shareholders made the same claim before the board of review.  The board also disallowed the claim, and an appeal was· then taken to the district court, where, upon a· trial, the court reduced the valuation of the shares of stock as found by the board of review from $100 per share to $38.75 per share by reason of the bank's ownership of the $180,000 of government bonds.  The city alone appeals from the decision of the district court.  It was conclusively shown,

and the trial court so found, that at the time of the making of the assessment complained of there were four national banks organized under the national banking law in the city of Des Moines, with an aggregate capitalization of $800,000 and a total surplus of $360,000, and that at the same time there were in the city ten savings banks, organized under the state laws with an aggregate capitalization of $1,100,000 and a total surplus of $386,971.58, and four state banks with a capitalization of $250,000 and a surplus of $76,818.39. It was further shown that all but two of the savings banks and all of the state banks were at the time engaged in commercial banking business in competition with the plaintiff bank. It was not claimed in the proceedings before the board of review and the district court that the assessment was wholly void, but the claim was that in fixing the value of the plaintiffs' shares of stock the value of the bonds held by the bank should be deducted from its assets, and that a failure to make such reduction was a discrimination against the bank and its stockholders, and in violation of section 5219 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3502). The prayer of the petition was that the assessment against the several stockholders be modified and corrected by deducting from the value of the capital stock of the bank the amount of its government bonds.

Section 5219 of the Revised Statutes provides that shares of stock in national banks shall not be taxed at a "greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state." This statute, in effect, provides that shares of stock in national banks may be taxed by the state, provided no discrimination is made against such shares in favor of shares of stock of other banks in competition with national banks. *Mercantile National Bank v. New York*, 121 U. S. 138 (7 Sup. Ct. 826, 30 L. Ed. 895). In *Home Savings Bank v. Des Moines*, 205 U. S. 503 (27 Sup. Ct. 571, 51 L.

Ed. 901), it was, in effect, held that, under the taxing law
of this state as it then stood, no tax was placed upon the
shares of stock of state and savings banks, but taxed the
capital of such banks, and that government bonds held by
such banks must be deducted from their assets in making
their assessments.   The effect of that decision was to re-
lieve the stock of state and savings banks from taxation,
and to require the taxing power of the state to deduct from
the assets of such banks the amount of government bonds
held by them.   So that, from whatever point the subject be
viewed, the government bonds held by state and savings
banks must be deducted from the value of the property to
be assessed.   The power to tax shares of stock in national
banks is conferred by section 5219, Rev. St. U. S., and
it can only be done provided that such taxation shall not be
at a greater rate than is assessed upon other moneyed
capital in the hands of individual citizens of such state.
Other moneyed capital has been defined as capital in cor-
porations carrying on the business of banking as defined
by law and custom, and which is employed in competition
with the business of national banks.   *Mercantile National
Bank v. New York, supra; First National Bank v. Chap-
man,* 173 U. S. 205 (19 Sup. Ct. 407, 43 L. Ed. 669);
*Jenkins v. Neff,* 186 U. S. 230 (22 Sup. Ct. 905, 46 L.
Ed. 1140); *First National Bank v. City Council of Esther-
ville,* 150 Iowa, 95.

And the taxation of state and savings banks, which
are in competition with national banks, upon their assets,
while national banks are taxed on their shares of stock,
has been held to create a discrimination against national
banks.   *New York v. Tax Commissioners,* 94 U. S. 415
(24 L. Ed. 164); *Bradley v. Illinois,* 4 Wall. 459 (18 L.
Ed. 433).   In *Van Allen v. Assessors,* 3 Wall. 573 (18
L. Ed. 229), it was held, in effect, that where a state
taxes its own banks on its capital, and thus permits a
deduction of government bonds, a tax on national bank

shares will not be upheld for the reason "that this tax of the capital is not an equivalent for a tax on the shares of the stockholders." It is manifest that under the rule of the authoritites cited the taxation of national bank shares of stock, without deducting therefrom the government bonds held by the bank issuing such stock, would create a discrimination against national banks in violation of section 5219 of the Revised Statutes. Moreover, we held in *First National Bank v. City Council of Estherville,* 150 Iowa, 95, that shares of stock of national banks were not taxable under the then existing statutes as construed in the *Home Savings Bank* case, because to so tax said shares would be a discrimination against capital invested in national bank stocks, and hence violative of section 5219 of the Revised Statutes, as construed by the Supreme Court of the United States. In the instant case the assessment was made under the law in force at the time involved in the *Estherville* case; and, if shares of national bank stock were not taxable at all at that time, because of an unjust discrimination between savings and state banks and national banks competing in business, it is manifest that the plaintiffs were entitled to have deducted from the value of their stock the government bonds owned by the bank at the time. A part of the bank's capital was then invested in and represented by these bonds, and in an assessment of the bank's property the bonds would have been deducted from the value thereof because they could not be taxed. *Home Savings Bank v. Des Moines, supra.* National bank shares can not be taxed differently from state banks or from shares of stock therein as to the amount of the tax. *Van Slyke v. Wisconsin,* 154 U. S. 581 (14 Sup. Ct. 1168, 20 L. Ed. 240); *Bank v. Commonwealth,* 9 Wall. 353 (19 L. Ed. 701).

The power of this state to tax national banks or the shares of stock in such banks is derived from Congress, and the decisions of the United States Supreme Court on

questions touching the power of the state in this respect are controlling. We reach the conclusion, therefore, that the district court did not err in deducting from the value of plaintiffs' shares of stock the bonds held in good faith by the bank, and that the judgment should be *affirmed.*

WEAVER, J.—For reasons stated by me in a dissenting opinion filed in the case of *Bank v. Estherville,* 150 Iowa, 95, I am unable to agree with the conclusion of the majority.