THE COMMERCIAL NATIONAL BANK OF COUNCIL BLUFFS, IOWA, et al., Appellees, v. BOARD OF SUPERVISORS et al., Appellants.

TAXATION: Illegal Taxes—Recovery—Duty of Supervisors. It is
1  the duty of the board of supervisors, whenever taxes have been illegally exacted, to direct the county treasurer to repay the same. (Sec. 1417, Code.) So held where the county had levied and collected taxes, under an unconstitutional statute, on shares of stock in a national bank.

MANDAMUS: Refund of Taxes—Duty of Boards of Supervisors.
2  Mandamus is the proper remedy to enforce the duty imposed by law on boards of supervisors to direct the county treasurer to refund taxes illegally exacted or paid.

TAXATION: Illegal Tax—Voluntary Payment—Duty to Repay. The
3  duty of the board of supervisors to order the return of a tax exacted under an unconstitutional statute is none the less a duty because the tax was voluntarily paid. (Sec. 1417, Code.)

**TAXATION:** Illegal Tax—Payment—Recovery. Though some years may have elapsed before a statute under which taxes had been exacted was declared illegal, yet the exaction was illegal from the beginning. That which was originally void does not by lapse of time become valid.

**TAXATION:** Illegal Tax—Duty to Return—Refinements to Avoid. When the public has exacted money "as taxes" it will not be permitted, when the illegality is declared, to indulge in the quibble that such money was not "taxes," in order to escape a plain, mandatory duty to return the same. (Sec. 1417, Code.)

**TAXATION:** Illegal Tax—Duty to Repay—Mistake of Law. The "mistake" of a taxpayer in supposing that the law under which a tax was exacted was legal lessens not the duty of the board of supervisors to return the illegal exaction to him.

**TAXATION:** Listing Property—Illegal Tax—Recovery. The taxpayer from whom a tax has been exacted under an invalid law is not estopped to demand the return of the same because he listed the property with the assessor.

*Appeal from Pottawattamie District Court.*—HON. THOMAS ARTHUR, Judge.

FRIDAY, JANUARY 22, 1915.

ACTION in mandamus to compel the board of supervisors to direct the treasurer to refund certain taxes alleged to have been illegally exacted. The relief prayed was granted. The defendants appeal.—*Affirmed.*

*Reed & Robertson,* for appellees.

*Frank J. Capell,* County Attorney, *D. E. Stuart,* City Attorney, *George Cosson,* Attorney General, *C. A. Robbins,* Assistant Attorney General, for appellants.

LADD, J.—Plaintiff, as its name indicates, is a national banking association and sues for itself and in behalf of its stockholders. The stockholders also are made party plaintiffs. The shares of stock were regularly assessed under Sec. 1322 of the Code in each of four successive years beginning

with 1907 and taxes levied thereon and paid by the bank. On January 19, 1911, the statute mentioned was declared invalid for that it was in violation of Sec. 5219 of the revised statutes of the United States prohibiting any discrimination in favor of other moneyed capital in the hands of individual citizens of the state, which comes in competition with the business of national banks. *First National Bank of Estherville v. City Council of Estherville,* 150 Iowa 95. In virtue of this decision, neither the shares nor the capital of national banks were assessable under the laws of this state. On May 9, 1912, and after the taxes had been distributed to the several funds for which collected, the plaintiff bank for itself and stockholders made a written demand upon the board of supervisors to direct the county treasurer to refund the several sums exacted and collected by him as taxes levied as aforesaid on the shares of capital stock; and as such demand was rejected, this suit in mandamus was begun to compel the said board to so direct the treasurer. Plaintiff relies on Sec. 1417 of the Code, providing that "The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid with all interest and costs actually paid thereon."

The defendant resisted on several grounds which will appear as we proceed.

I. The manifest design of this statute is that the board of supervisors first ascertain whether the taxpayer is entitled to be reimbursed for taxes illegally or erroneously exacted and if so, that the treasurer be directed to repay the same from the several funds to which these have passed. Such was the interpretation given in *Iowa Ry. Land Co. v. Woodbury Co.,* 64 Iowa 212, where recovery against the county was denied, and this decision was followed in *Everly v. Jasper County,* 72 Iowa 149. It is the duty of the treasurer only to repay from the particular funds into which the taxes have gone and, when necessary, to ascertain by computation the

*1. TAXATION: illegal taxes: recovery: duty of supervisors.*

amount to be taken from each. *District Township of Spencer v. District Township of Riverton,* 56 Iowa 85. The result attained is the restoration of the moneys illegally or erroneously paid by the taxpayer, and each fund continues as though these had never been collected. The remedy is perfect.

II. The duty of the board of supervisors is equally explicit. Having ascertained that the taxes have been illegally or erroneously exacted or paid, the statute prescribes precisely what shall be done, i. e., the board shall

2. MANDAMUS: refund of taxes: duty of boards of supervisors.

direct the treasurer to refund them to the taxpayer. Such an order is essential to repayment by the treasurer and to enter it, in a proper case, is the mandatory duty of the board of supervisors. That there is no adequate remedy at law sufficiently appears from the cases cited and as the contention is that the board of supervisors omitted a duty the performance of which the law enjoins, mandamus is the proper remedy. Section 4341, et seq., Code; *Everly v. Jasper Co., supra;* See *Beecher v. County of Clay,* 52 Iowa 140; *The Dubuque & S. C. Ry. Co. v. Board of Supervisors,* 40 Iowa 16.

III. The taxes were voluntarily paid as contended, but this furnishes no objection to refunding under

3. TAXATION: illegal tax: voluntary payment: duty to repay.

this statute. *Lauman v. Des Moines Co.,* 29 Iowa 310; *Richards v. Wapello Co.,* 48 Iowa 507; *Isbell v. Crawford Co.,* 40 Iowa 102.

Nor is there anything in the argument that the decision declaring the taxing statute invalid should not operate retroactively. The statute was as vulnerable when enacted as when

4. TAXATION: illegal tax: payment: recovery.

denounced as void in *The First National Bank of Estherville v. City Council of Estherville, supra,* and nothing can be found in *State v. O'Neill,* 147 Iowa 513, to the contrary. That the statute, though at all times void, had been unassailed up to that time does not render the previous exactions any the less illegal, but may excuse the plaintiff in acquiescing therein.

The suggestion that the moneys paid ought not to be

regarded as taxes within the meaning of the statute is without merit.    They were levied and collected through the

**5. TAXATION: illegal tax: duty to return: refinements to avoid.**    exercise of the taxing power of the state and to be used generally as other taxes.    They were paid as such, and to hold that because illegally exacted moneys so paid are not contemplated as "taxes" in the statute quoted would involve a refinement of reasoning not to be indulged in.    In referring to taxes as illegally exacted, reference necessarily is had to those which ought not to have been collected.    *Kehe v. Black Hawk Co.*, 125 Iowa 549, relied on, contains nothing to the contrary, especially as there was no assessment of property in that case.    The point is not well taken.

IV.    Counsel argue that inasmuch as the taxes were paid under mistake of law, the suit cannot be maintained.    That this is the general rule goes without saying.    *Ahlers v. City of Estherville*, 130 Iowa 272.    But Sec. 1417

**6. TAXATION: illegal tax: duty to repay: mistake of law.**    of the Code heretofore quoted expressly declares that if illegally or erroneously exacted or paid, the treasurer shall be directed to refund.    Surely if the assessment of the property and levy of taxes thereon was contrary to law, because not authorized by a valid statute, the exaction of the taxes so levied would be illegal, and so regardless of the view thereof entertained by public officers.

In *Dubuque & S. C. Ry. Co. v. Board of Supervisors*, 40 Iowa 16, the taxes sought to be refunded had been properly levied but the plaintiff had paid them under the mistaken belief that it had title to the property taxed when in fact it belonged to another.    In denying relief, the court, after saying that recovery might not be had but for Sec. 762 of the Revision, continued: "This section does not contemplate an error of judgment as to the law respecting the title to the land, committed by the taxpayer.    It was not intended to protect him against errors or mistakes of law committed by himself but against errors and illegalities committed by the

officers of the law to whom is entrusted the duties of assessing,
levying and collecting taxes.''

In *Kehe v. Black Hawk County*, 125 Iowa 549, the amount
for which Kehe would have been liable for taxes had he not
withheld his property from taxation was settled by him with
the tax ferret and paid to the county treasurer without an
assessment having been made, and it was held that though the
statute of limitations had run against a portion of it and
payment might not have been enforced, still as payment was
through no fault of the officers, but owing to an error on
his part, the statute afforded him no relief. The precise point
was decided in *Lauman v. Board of Supervisors*, 29 Iowa 310,
where the court held that taxes paid on shares of the capital
stock of a national bank should be refunded under Sec. 762
of the Revision, in substance like the present statute, a pre-
vious decision, *Hubbard v. Board of Supervisors*, 23 Iowa 130,
having declared statutes taxing the same invalid because
inconsistent with provisions of the National Banking Act.
The mistake of law which will not sustain an order for relief
is that of plaintiff alone; the illegality or error which will
sustain such relief must be that of the taxing officers; and if
what they do appears to be illegal or erroneous, the statute
in the plainest terms requires the board of supervisors to
refund taxes exacted or paid by reason thereof. The collection
or receipt of taxes on property which the law did not subject
to taxation was illegal and such as the statute quoted con-
templates shall be refunded.

V. Counsel contend that because of having listed the bank
stock with and furnishing the assessor the information exacted
by Sec. 1322 of the Code without objection, the plaintiff is
estopped from asserting the illegality of the
taxes subsequently paid. That such is the
rule where the owner voluntarily lists taxable
property for assessment and taxation appears from *Slimmer
v. Chickasaw County*, 140 Iowa 448. But such a submission
of property not taxable confers no authority on the taxing

7. TAXATION:
listing prop-
erty: illegal
tax: recovery.

officers to assess or levy a tax thereon, and being without authority so to do, the taxpayer cannot be estopped by such listing from asserting such want of authority or the illegality of taxes levied and collected thereon. In such a case, the taxing officers cannot be said to have been misled by what the taxpayer may have done, for they are chargeable with knowledge of the law and must be assumed to have been aware of the invalidity of the taxing statute. As a fact, however, all were laboring under a misapprehension in construing the statute as valid, else the shares of stock would not have been assessed, and this statute affords a remedy to those who aid the assessor and promptly meet the apparent demands of the public by providing for refunding them if afterwards they are found to have been illegal.

We are of opinion that as the property was not taxable the doctrine of estoppel ought not to be applied. The decree has our approval and is—*Affirmed*.

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.