EYERLY v. JASPER COUNTY.

1. **Railroads**: TAX TO AID: ILLEGAL: PAYMENT TO TREASURER: RECOV-
ERY. One who has paid to the county treasurer a tax in aid of a rail-
road, which is afterwards declared to have been illegal and non-collect-
ible, is not entitled, in an action against the county, to a judgment in
the nature of an order requiring the county to direct the treasurer to
repay the tax out of the fund remaining in his hands, or to direct the
supervisors to issue an order to the treasurer to that effect; (compare
*Barnes v. Marshall Co.*, 56 Iowa, 20;) but his remedy is by *mandamus*
against the treasurer, or supervisors, or both, to compel them to do their
duty and return the tax illegally collected. (See Code, § 870.)

*Appeal from Jasper District Court.*

THURSDAY, JUNE 23.

ACTION to recover taxes paid by plaintiff and his assignors,
which were voted by the electors of the township (of which
the plaintiff and his assignors were tax-payers) to aid in the
construction of a railroad. They were subsequently declared
illegal and void by a decree of the circuit court, which was
affirmed in this court. See *Manning v. Mathews*, 66 Iowa,
675. The cause was submitted to the court upon an agreed
statement of facts, and judgment rendered for plaintiff.
Defendant appeals.

*D. Ryan*, for appellant.

*Winslow & Varnum*, for appellee.

BECK, J.—I. The following facts are shown by a stipula-
tion filed in the case: The electors of Newton township,
Jasper county, voted a 3 per centum tax to aid in the con-
struction of the New Sharon, Coal Valley & Eastern Rail-
road. The taxes were levied by the supervisors, and plaint-
iff and his assignors paid the sums assessed against their
property. The tax was subsequently declared illegal and
void by a decision of this court. *Manning v. Mathews*, 66.
Iowa, 675. The taxes were paid by the tax-payers, or many
of them; some paying to the treasurer of the county and

others to the railroad company.   Much of the money paid to the county treasurer was paid by him to the railroad company, but there remained in his hands a sum exceeding the amount of plaintiff's claim.   Before the suit to declare the tax illegal was commenced, the railroad assigned the tax in payment of an indebtedness incurred in building the road. The agreed statement of facts recites that the tax was illegal and non-collectible, "and the payment thereof was illegally exacted from the several tax-payers who made payment of their taxes."   The plaintiff asks in his petition for a judgment and order for the payment of the amount of his claim out of the money in the hands of the treasurer received in payment of the railroad tax, and the judgment rendered by the district court is to that effect.

II.   The money in the hands of the treasurer does not belong to the county, nor is the railroad company entitled to it.   It is the property of the tax-payers, as it was illegally collected.   Code, § 870, provides that the board of supervisors of a county shall direct the treasurer to refund to the tax-payer any tax illegally collected.   If the supervisors, under this section, and their general powers to exercise control over funds in the treasury, are authorized to direct and require the treasurer to refund the taxes illegally collected in this case, the tax-payer is not entitled to recover a judgment against the county for the amount of the taxes paid by him. See *Barnes v. Marshall Co.*, 56 Iowa, 20.   Neither is he entitled to a judgment in the nature of an order requiring the county to direct the treasurer to repay the taxes, or to direct the supervisors to issue an order to the treasurer to that effect, for these obvious reasons:   The duty of the treasurer to repay the taxes, and of the supervisors to require him to do so, pertains to the discharge of their official functions as officers of the county, a political corporation, an ideal being, which has no actual physical existence, and can only act and is only known through these and other officers.   This being has no capacity to require its officers to act.   Therefore the

courts cannot require it to attempt such a thing. But any citizen whose rights depend upon the action of the county or the county officers may, by proper proceedings, require such officers to act. The proceedings should not be against the county, but against its officers charged with the duty of acting for it in the matter involved. It thus appears that the plaintiff has mistaken his remedy; and, instead of proceeding against the county, as in this suit, he should have proceeded against the treasurer or supervisors, or both, by a proper action of *mandamus*.

Our conclusion is supported by these considerations: Under the judgment asked by plaintiff, and rendered by the court below, the county would be liable in case of its default or failure in causing the amount due plaintiff to be paid by the treasurer. If the money received from the tax-payers for any reason did not remain in the hands of the county treasurer, the county must make good the fund, and pay plaintiff the amount he would be entitled to recover therefrom. But, under the law and the decision of this court, the county cannot be made liable for any part of railroad taxes paid into the county treasury.

It is our opinion that the judgment of the district court ought to be .                                                           REVERSED.