.J. B. EYERLY, Appellee, v. THE BOARD OF SUPERVISORS
        OF JASPER COUNTY *et al.*, Appellants.

Mandamus Against Ex-Officials: ILLEGAL TAXES: RECOVERY.
   Where taxes in aid of a railroad were levied contrary to law, and
   collected by the county treasurer, and by him paid to the assignee
   of such railroad company after the tax had been declared invalid
   by the decisions of the supreme court, but the taxes so collected
   were never mingled with the county funds, and no part thereof
   were in the treasury at the time of the trial herein, the writ of
   *mandamus* will not lie against such treasurer after the expiration
   of his term, to compel him to refund the taxes so paid, nor against
   the present treasurer, who never received any of the moneys thus
   paid, nor against the board of supervisors, to require them to issue
   a warrant ordering said ex-treasurer to refund said taxes.

*Appeal from Jasper District Court.*—HON. J. K.
                JOHNSON, Judge.

                FRIDAY, OCTOBER 17, 1890.

   ACTION of *mandamus* to compel the refunding of
certain taxes paid by plaintiff and by his assignors to
aid in the construction of a railway.   There was a trial

by the court, and a judgment in favor of plaintiff. The defendants appeal.

*Harrah & Myers*, for appellants.

*Winslow & Varnum*, for appellee.

ROBINSON, J.— This cause has been considered heretofore by this court. 72 Iowa, 149. It was tried by the district court on an agreed statement of facts, from which the following appears:

On the nineteenth day of May, 1881, there was voted a tax of three per cent. on the assessed valuation of the property in Newton township, in Jasper county, to aid in the construction of the New Sharon, Coal Valley & Eastern railroad, the name of which was afterwards changed to the Chicago, Burlington & Pacific. The tax so voted was duly levied, and extended upon the tax books of the county, and placed in the hands of the treasurer for collection. The plaintiff and three others, whose claims are now assigned to him, as he alleges, were property-holders and taxpayers of said township, and paid to the treasurer the taxes in controversy amounting to two hundred and fourteen dollars and seventy-eight cents. In an action to which the assignors of plaintiff were parties plaintiff, it was held that the tax levied as aforesaid was rendered invalid, and non-collectible by a sale and conveyance of the road. *Manning v. Township Trustees*, 66 Iowa, 675. The treasurer of Jasper county was also enjoined from collecting the taxes of any of the parties plaintiff in that action, but under the injunction the treasurer was permitted to receive all taxes offered to be paid by any taxpayer. The treasurer at the time the decree in that case was rendered was one Winchell. He collected from voluntary taxpayers eighty-one hundred and twenty-nine dollars and forty-five cents, most of which he paid to the railroad company, but when he went out of office on the first day of January, 1884, he had in his hands a balance, belonging to the tax fund so collected

of four hundred and sixty-four dollars and two cents, which he paid to his successor in office, S. H. Galusha. In addition to the sum he received from Winchell, Galusha collected from voluntary taxpayers one thousand dollars and eighty-four cents, and paid out of the two sums thus received all but four hundred and sixty-five dollars and three cents to the railroad company. After the *Manning case* was decided by this court, to-wit, on the fifteenth day of April, 1886, he paid out the sum last mentioned to S. C. Cook, and took from him an indemnifying bond. The payment thus made was without any order therefor, excepting that the county auditor, the members of the board of supervisors, and the present defendants verbally advised it. After the decision of this court in the *Manning case*, demand was made of the board of supervisors for an order to refund the taxes in suit, but it was refused. A demand for the taxes was also made on Galusha and refused. Cook claimed the taxes paid by virtue of an alleged assignment thereof. This action seems to have been commenced in July, 1887. The board of supervisors of Jasper county, the members of that board, and S. H. Galusha, treasurer, were made parties defendant. Since this action was commenced Galusha has retired from office. The district court adjudged and ordered that a peremptory writ of *mandamus* issue as prayed, commanding the board of supervisors to issue a warrant "directing S. H. Galusha, treasurer of Jasper county, Iowa, to refund the amount of taxes paid by plaintiff and his assignors, and commanding the defendant, S. H. Galusha, treasurer of Jasper county, Iowa, to pay said warrant, and to refund to the plaintiff the aforesaid sum."

It will be noticed from the foregoing statement that the money in question never became a part of the county fund. So long as it was retained by the county treasurer he seems to have kept it apart, as distinct from other funds. It will also be noticed that the balance of the tax funds in the hands of the treasurer Galusha

was paid out by him to Cook before this action was commenced. He did not, therefore, pay it to his successor in office. That successor is not a party defendant, but the proceedings seem to have been continued against Galusha notwithstanding the fact that his official term is at an end, and judgment was rendered against him, although he was described therein as treasurer. It was said in *Eyerly v. Jasper Co.*, 72 Iowa, 150, that the money in the hands of the treasurer did not belong to the county, nor to the railroad company, but to the taxpayer, and that the action of *mandamus* against the treasurer or supervisor, or both, was the proper remedy for its recovery. That theory was adhered to in the opinion reported in 77 Iowa, 470, but in neither opinion was it said that such an action could be maintained unless the money was in the hands of the treasurer. What was said in the last opinion, as to the liability not depending on whether the money collected had been paid out, referred to cases in which the taxes collected were for governmental purposes. The county is not liable for taxes like these in question, which have never been paid into the county fund, nor used by the county. *Barnes v. County of Marshall*, 56 Iowa, 22 ; *Butler v. Board of Supervisors*, 46 Iowa, 326 ; *Merrill v. Marshall Co.*, 74 Iowa, 28. A treasurer who has never received money belonging to a railway aid fund cannot be made liable therefor by *mandamus*. *Cedar Rapids, I. F. & N. W. Ry. Co. v. Cowan*, 77 Iowa, 535 ; *Minneapolis & St. L. Ry. Co. v. Becket*, 75 Iowa, 183.

Under the rule of the two cases last cited the present treasurer of Jasper county could not have been made liable in this action, for the reason that he had never received the money in controversy. The question to determine then is, whether it is the duty of the board of supervisors to order him, who, though formerly treasurer, is now a private citizen, to pay to plaintiff money which he once held, but which he had paid out before this action was commenced, and whether such person will be compelled, by order of this court, to make such payment. We are of the opinion that both branches of

the question must be answered in the negative. The board has no power to order a private person to refund a tax. If it be true as claimed, but not determined, that the refunding of such a tax as that in question, by an order of the board of supervisors, is authorized, by section 870 of the Code, it must be true that the order can only be given to the treasurer.

As to the other branch of the question we would say, that, although the petition alleges that there remains in the hands of the treasurer, of the taxes voted and collected for the railway named, more than the amount required to satisfy the claim of plaintiff, the proof shows that the statement is not correct. Neither the present treasurer, nor his predecessor, has the money in his possession. It is shown that Galusha, while treasurer, wrongfully paid out money to which plaintiff is entitled, and that such payment was made before this action was commenced. It thus appears that plaintiff can obtain no relief by *mandamus* which would not be afforded in the ordinary course of the law, and the relief demanded in this action must, therefore, be denied. Code, sec. 3376. Numerous other questions are discussed by counsel, but in view of the conclusions already announced it is unnecessary to determine them.

The judgment of the district court is REVERSED