## Craig, Auditor v. Frankfort Distilling Company.

(Decided November 23, 1920.)

### Appeal from Franklin Circuit Court.

1. Taxation—Corporations—License Tax.—A corporation which is subject to a license tax under sections 4189a and 4214a-1, Kentucky Statutes, is not liable for another license tax; not more than one license tax can be assessed and collected for a given period of a single corporation.

2. Taxation—Corporations—License Improperly Paid.—Where two license taxes have been collected of a corporation when only one was due, the auditor need only look at the statutes to determine that only one tax was due, and it is his duty to issue his warrant for the amount improperly paid in favor of the corporation thus paying the same, even though the state tax commission has attempted to make assessments, for it is not necessary in such case that the auditor should enquire into or review the as-

sessment to determine that money has been paid into the treasury as tax when no such tax was in fact due.

CHARLES I. DAWSON, Attorney General, for appellant.

HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The Frankfort Distilling Company is a corporation organized under the laws of the state of Kentucky, and was liable for a license tax on its capital stock under section 4189a, Kentucky Statutes, up until the year 1918, at which time it became liable under section 4214a-1, Kentucky Statutes, for a license tax of two (2c) cents on every proof gallon of distilled spirits shown by its official records to be in its possession. The state tax commission in the latter part of 1917 furnished to the Frankfort Distilling Company the necessary blank required by section 4189d, Kentucky Statutes, on which to make its report for a license tax based upon its authorized capital stock. Shortly thereafter and in due time the corporation returned the blank properly filled out, signed and verified, to the tax commission, which body by the aid of the information contained in the report assessed the Frankfort Distilling Company under sections 4189a and 4189c, a license tax of $125.00. This fact was certified by the tax commission to the auditor, and the commission notified the Frankfort Distilling Company of the assessment and the amount thereof. The auditor certified the amount of the assessment to the treasurer. The distilling company made no objection whatever to the assessment, and shortly thereafter paid the $125.00 into the state treasury. About the first of the year 1919, a similar blank was sent to the distilling company which was filled out and returned in the same manner and the tax paid in 1919. Thereafter on the 15th of August, 1919, the distilling company instituted this action against the auditor to recover the $250.00 paid in by it on such license tax, praying a writ of mandamus against the auditor, requiring him to draw his warrant in favor of the plaintiff, distilling company, upon the treasury of the Commonwealth for said sum.

The auditor filed his answer, to which the distilling company interposed a general demurrer which was overruled. The distilling company then filed reply completing the issues. To the reply the auditor filed a general demurrer which was overruled, and the auditor excepted.

The facts being admitted neither party desired to introduce proof and the court entered a final judgment granting the mandamus requiring the auditor to draw his warrant on the treasurer for $250.00 in favor of the distilling company for the license tax paid in by it. The auditor prosecutes this appeal.

It is admitted that the Frankfort Distilling Company is a corporation and that it was required in the years 1918 and 1919 to pay a license tax of two (2c) cents on every proof gallon of distilled spirits shown by its official record to be in its possession on the date fixed by law, under section 4214a-1 Kentucky Statutes; that it was not liable for the license tax imposed by sections 4189a and 4189c, Kentucky Statutes, and that it should not have paid into the treasury the $250.00 which it now seeks to recover. On these facts the distilling company insists that it should be granted a mandamus requiring the auditor to draw his warrant in its favor for the money paid in by it as a license tax when no such tax was due, as provided by section 162, Kentucky Statutes, which reads:

"When it shall appear to the auditor that money has been paid into the treasury for taxes when no such taxes were in fact due, he shall issue his warrant on the treasury for such money so improperly paid, in behalf of the person who paid the same. Nothing herein contained shall authorize the issuing of any such warrant in favor of any person who may have made payment of the revenue tax due on any tract of land, unless it is manifest that the whole of the tax due the Commonwealth on such land has been paid, independent of the mistaken payment, and ought to be reimbursed."

It appears the language of this section needs little or no construction to bring out and make manifest the purpose of the lawmakers. When it shall appear to the auditor that money has been paid into the treasury for taxes when no such taxes were in fact due, he shall issue his warrant on the treasury in favor of the party paying the same for such money so improperly paid. This is as plain as words can make a thought or purpose. By the statute it was intended to secure the return of money paid as taxes into the state treasury when no such taxes were in fact due, to the party to whom the money belonged and to prevent the state from converting to its own use and benefit money coming into the treasury through mistake, inadvertence, misconception of the law, or invalidity of legislative acts.

Neither does the statute indicate that money paid as taxes when none were due can not be recovered by the taxpayer, if the taxes were paid under an unauthorized or void assessment made by a regularly constituted taxing agency, for it might be made to appear to the auditor that money had been paid into the treasury as taxes when none in fact were due even in cases in which an assessment was made, as in the instant case, by the tax commission. So, sweeping away all the refinements and niceties of construction heretofore put upon section 162 of the statute by the courts and reading it according to its plain and unembellished terms, we conclude that the auditor in every case is required to return all money paid into the treasury as taxes by taxpayers, if it shall be made to satisfactorily appear to him that the money was paid in as taxes when no such taxes were in fact due, even if the payment was made voluntarily and after an assessment made in due form by a regularly constituted taxing agency, if there was no statutory authority for the levy and collection of the taxes, or the taxes were collected under a void statute. In the case of the Security Producing and Refining Company v. Craig, Auditor, 189 Ky. 565, recently decided, we held that "it can appear to the auditor that money has been paid into the treasury as taxes when none are due in at least two ways: (1) when there is no warrant in the statutory law of the state for the levy or collection of such taxes; (2) when the improper and unwarranted payment is made under a void or unenforceable statute or through mistake or inadvertence of the taxpayer, directly into the treasury or to the auditor. In either of such cases it can not fail to appear to the auditor upon proper investigation that money has been paid into the treasury as taxes when no such taxes were in fact due, and it then becomes his duty to and he *shall* issue his warrant on the treasury for the repayment of the money so improperly paid in behalf of the person who paid the same, provided, proper application is made therefor. Manifestly the purpose of the legislature in enacting section 162, *supra,* was to secure the return of all money paid into the treasury as taxes by taxpayers through mistake, inadvertence, misapprehension of the law, or under void or unenforceable statutes for it expressly declares it to be the duty of the auditor to issue his warrant in every case where it shall appear to him that the state holds money which rightfully and in good conscience belongs to another."

Admittedly the state has received into its treasury $250.00 in money as taxes when no such taxes were in fact due and it is not entitled to convert said sum to its own use and thus deprive the rightful owner, the Frankfort Distilling Company, of its rights therein, simply because the distilling company through mistake of law paid said sum into the treasury at the instance of the state's taxing agencies, as a license tax. When the auditor declined to issue his warrant on the treasury for said sum in favor of the Frankfort Distilling Company he transgressed the provisions of section 162, Kentucky Statutes, and therein failed to perform his duties. This, of course, was brought about by a former construction given that section of the statutes by this court, and the auditor is not to blame in the slightest degree. He was merely following the rule adopted by this court. On a more mature consideration of the question, the whole court sitting and concurring, we have reached the conclusion herein expressed, and hold that the auditor should in every case where it appears to him that money has been paid into the treasury as taxes when none were due, either through mistake, inadvertence, misapprehension of the law, or under a void or unenforceable statute, issue his warrant upon the treasury in favor of the payor of the money, reimbursing him in the full sum thus paid in. It therefore follows that the distilling company was entitled to the relief sought and the lower court committed no error in granting the mandamus compelling the auditor to issue his warrant for $250.00 in favor of the distilling company.

Judgment is therefore affirmed. Whole court sitting and concurring.