RANDOLPH FOODS, an Iowa corporation, appellant, v. STATE TAX COMMISSION, appellee.

No. 51754.

(Reported in 137 N.W.2d 307)

SEPTEMBER 21, 1965.

Dickinson, Parker, Mannheimer & Raife, of Des Moines, and Batschelet & Thompson, of Guthrie Center, for appellant.

Lawrence Scalise, Attorney General, Thomas W. McKay, Special Assistant Attorney General, and Harold W. Bracewell, Assistant Attorney General, all of Des Moines, for appellee.

STUART, J.—Plaintiff has appealed from a judgment confirming and sustaining sales tax assessments levied on the cost of egg cases, mapes and fillers, hereinafter referred to as cases, used and consumed in its egg breaking plant. Plaintiff is a manufacturer of butter, a wholesaler and breaker of eggs and a retailer to farm trade in Guthrie Center. It buys cases by the carload for use in its egg business. A few are sold at retail on

which sales tax is collected and reported. Most of the cases are used to ship eggs in interstate commerce and are not involved here.

It was determined by audit that about 10 percent of the cases purchased were used and consumed by plaintiff in its egg breaking plant. These were distributed by plaintiff to produce dealers who paid a charge of fifty cents for each case. This was not a sale but was made to insure the return of the case and eggs to plaintiff. The auditor determined the average life of the cases was about ten round trips. The tax liability was determined by dividing the total number of pounds of eggs broken each year by 40 (the number of pounds in each case) to find the number of cases of eggs broken each year. As each case was used ten times, this figure was divided by ten. The result was multiplied by fifty cents to arrive at the value of the cases consumed and the two percent sales tax was assessed upon this figure. Parties agree the transactions between plaintiff and the produce dealers were not sales and that plaintiff was the ultimate consumer of the cases in its egg breaking operation.

Plaintiff claims it cannot be taxed here because there was no sale at retail within the statutory definitions. The applicable Code sections are:

"422.43  Tax imposed. There is hereby imposed * * * a tax of two percent upon the gross receipts from all sales of tangible personal property, consisting of goods, wares, or merchandise * * * sold at retail in the state to consumers or users; * * *."

"422.42(2)  'Sales' mean any transfer, exchange, or barter, conditional or otherwise, in any manner or by any means whatsoever, for a consideration."

"422.42(3)  'Retail sale' or 'sale at retail' means the sale, to a consumer or to any person for any purpose, other than for processing or for resale * * *."

If we restrict our attention to these statutes and the concession that plaintiff was a consumer and not a seller of the egg cases, there would appear to be no basis for the assessment. However, defendant claims the consumption of the cases here constitutes a sale at retail under rules promulgated by it under

rule-making authority conferred by section 421.14 and the provisions of section 422.61(1) which states:

"The commission shall have the power and authority to prescribe all rules and regulations not inconsistent with the provisions of this chapter, necessary and advisable for its detailed administration and to effectuate its purposes."

In City of Ames v. State Tax Commission, 246 Iowa 1016, 1022, 71 N.W.2d 15, 19, we say: "It will be noted that the rule-making power of this commission may not be 'inconsistent with the provisions of this chapter'. The function of the commission is an administrative one, and it may enact reasonable rules and regulations necessary in carrying out the legislative enactments. But it may not make law, or by rule change the legal meaning of the common law or the statutes."

The questions to be decided are whether the tax commission has promulgated a rule which makes transactions of this kind a "sale at retail" and, if so, whether such rule is within its rule-making power. We do not go beyond the first question as we conclude the tax commission has not, by rule, made this type of transaction a sale at retail. The rules hereinafter referred to by number are found in 1962 edition of Iowa Departmental Rules. They appear in Division IV of the rules of the Tax Commission relating to Retail Sales Tax.

The trial court, in sustaining the assessment, relied on rule 52 which deals with sales tax on containers of personal property. He compared this transaction with that portion of the rule dealing with returnable containers like milk bottles. The analogy seems sound, but the difficulty is that under such rule the tax is assessed against the seller upon the sale to the ultimate consumer, who retains title to the containers. Here the tax commission is attempting to collect the tax from the ultimate consumer rather than from the person who made the sale. Rule 52(b) specifically provides: "The sale to him [ultimate consumer] is taxable." The assessment cannot be sustained under the rule cited by the trial court.

On this appeal the tax commission does not seek an affirmance on this basis, but now relies upon rule 54 which provides:

"Where an employer furnishes tangible personal property

to employees without charge, or uses merchandise through gifts or consumption, the cost of all such merchandise must be included in item 1(a) of the quarterly return with sales tax thus reported. * * *."

We have often said taxing statutes should be strictly construed against the taxing body and liberally in favor of the taxpayer. "It must appear from the language of the statute the tax assessed against plaintiff was clearly intended." Morrison-Knudsen Co. v. State Tax Commission, 242 Iowa 33, 36, 44 N.W. 2d 449, 451, 41 A. L. R.2d 523; Dain Manufacturing Co. v. Iowa State Tax Commission, 237 Iowa 531, 22 N.W.2d 786. The same is at least equally true with regard to rules promulgated by the tax commission. We do not believe it can be said rule 54 was clearly intended to apply to the facts here.

The rule requires an employer to treat the use or consumption of merchandise in stock by himself, his family or employees as a retail sale. It is designed to prevent a restaurateur, wholesaler, manufacturer or others not retailers (retailers are covered by rule 53) from avoiding the sales tax by using or permitting others to use merchandise out of stock. It is considered a sale at retail at cost price. The tax is collected from the employer as the seller and not as the consumer. Such transactions are incidental to the main business of the employer, the operation of which required him to maintain a stock of merchandise. Webster's New Collegiate Dictionary defines merchandise as "The objects of commerce; wares, goods."

Here the cases used and consumed were not purchased for resale or held as a stock of goods. They were purchased in carload lots for use as containers (1) to ship eggs in interstate commerce or (2) to transport eggs from the produce dealers to plaintiff's egg breaking plant. The few retail sales of cases were merely incidental to the other operations. Plaintiff is the ultimate consumer of the cases purchased for the purpose for which they were used. This is a sale to an ultimate consumer reportable by the seller of the cases. If any rule is broad enough to cover the facts here, it would be rule 52 relating to containers. This rule makes the sale to the consumer a retail sale and collection is made from the seller. The assessment here appears to

be an attempt to collect the tax from the consumer rather than the seller contrary to the statutes and defendant's own rules. Such effort is understandable in view of the complications resulting from plaintiff's complex operation, but the difficulty of collection does not justify an avoidance of the statutes or rules.

Our conclusion that the tax commission has not promulgated a rule which would make this transaction a retail sale should not be interpreted as indicating it would, under the statutes, have the power to formulate such a rule. We have been unable to conceive of a rule which could place the duty of reporting the tax on this consumer under the existing statutes.

For the reasons hereinabove set forth, we hold the tax assessment levied against the plaintiff herein invalid.—Reversed.

GARFIELD, C. J., and LARSON, THORNTON, SNELL and MOORE, JJ., concur.