B. Bryan Larey, Comm. of Revenues *v.* Jack M. Wolfe, d/b/a Wolfe Drilling Company

5-4218                                          416 S. W. 2d 226

Opinion delivered May 29, 1967

[Rehearing denied July 26, 1967.]

*Lyle Williams* and *Tom Tanner* and *Hugh Brown,* for appellant.

*Lester & Shults,* for appellee.

LYLE BROWN, Justice. Appellee, Jack M. Wolfe, d/b/a Wolfe Drilling Company, is an oil and gas drilling contractor headquartered in Oklahoma. Two units, or rigs, of his drilling equipment were operating in Arkansas in 1965, and appellant, Arkansas Commissioner of Revenues, assessed a compensating (use) tax against the units. Wolfe paid the assessments under protest. After exhausting his administrative remedy, Wolfe successfully prosecuted this action to recover the assessments. The commissioner appeals.

Act 487, Acts of 1949, is the basic compensating tax act. The pertinent section is Ark. Stat. Ann. § 84-3106 (d) (Supp. 1965). As amended through 1961, the Act provided for certain exemptions from the use tax. These included manufacturing and processing machinery, replacement parts, and material and supplies used directly

in the mining and production of natural resources, provided they were (1) not available from Arkansas manufacturers and (2) not available from instate sellers' stock in trade. On all of those prerequisites for tax exemptions the trial court found Wolfe met the requirements. In that connection the chancellor made specific findings, which we shall discuss under two numbered topics.

1. *The drilling rigs were used directly in the mining, processing, and production of natural resources.* Appellant contends that a drilling contractor is not engaged in the mining of a natural resource. It may well be argued that the production of oil and gas does not come within the technical definition of "mining." On the other hand, those operations have several times been classed as mining. *Shell Petroleum Corp.* v. *Caudle,* 63 F. 2d 296 (5th Cir. 1933) ; *Rice Oil Co.* v. *Toole County,* 86 Mont. 427, 284 P. 145 (1930) ; *In rv Great Western Petroleum Corp.,* 16 F. Supp. 247 (D. C. Cal. 1936) ; *Standard Pipe & Supply Co.* v. *Red Rock Co.,* 57 Cal. App. 2d 897, 135 P. 2d 659 (1943). But in enacting Section 6 (d) (exemptions), the legislature did not restrict the statute to technical definitions. To the contrary, the statute says the words "mining, quarrying, refining, and the production of natural resources" shall be interpreted as commonly understood within their ordinary meaning. Appellee Wolfe is a practicing geologist of twenty-six years experience in nine states. In the area where he operates, including Arkansas, he testified the drilling for oil and gas is considered as mining for natural resources. His testimony was not controverted.

2. *The property against which the tax was assessed is not available from manufacturers in Arkansas, nor is it available from instate sellers' stock in trade.* Appellee's testimony supported these findings. The commissioner did not controvert it.

Thus far we have not here discussed Act 125 of 1965, Ark. Stat. Ann. § § 84-3129—84-3134 (Supp. 1965).

The important question is whether that act eliminates the exemption to which Wolfe would otherwise be entitled. Act 125 provides, among other things, that *all tangible personal property* (including contractor's equipment such as Wolfe's) *procured from without the state for use, storage or consumption in this state, shall be subject to the compensating tax act.* Act 125 has no repealing clause. No exemptions are recited. The act provides it shall be cumulative to the provisions of Act 487 of 1949 as amended (Compensating Tax Act).

There are three cogent reasons why we do not think Act 125 repealed the exemption available to Wolfe under the provisions of the compensating tax act.

1. The legislature specifically provided that Act 125 would be cumulative. Black's Law Dictionary, 4th Ed., defines "cumulative" as "Additional; heaping up; increasing; forming an aggregate. The word signifies that two things are to be added together, instead of one being a repetition or in substitution of the other." In *Merchants' Coal Co.* v. *Fairmont Coal Co.*, 160 F. 769 (4th Cir. 1908), we find this statement:

> " 'Where one thing is cumulative on another, whether it be remedy, penalty, or power, we are speaking commonly of two things which are at least consistent, and might, without incongruity, be applied at the same time.' "

In *State* v. *Laredo Ice Co.*, 96 Tex. 461, 73 S. W. 951 (1903), it was stated that an act reciting that it would be cumulative indicates a harmonious coexistence and cooperation.

We conclude that the legislative intent was to harmonize Act 125 with the existing compensating tax law. Had the intent been to repeal any provision of the law then existing, the legislature was free to so recite in Act 125.

2. The stated purpose for the enactment of Act 125 was to make it clear that contractors are "consumers." In the last section we find this statement:

"Whereas, contractors are deemed to be consumer under the provisions of Act 487 of 1949 (as amended) but some confusion as to this interpretation has existed, causing a hindrance to the proper administration of the Compensating Tax Law of this State . . . an emergency is hereby declared to exist . . ."

An omitted portion of the emergency clause above refers to the fact that additional funds are needed to meet the operation of state government. We assume this statement to mean that the clarification will aid in the collection of taxes already levied under Act 487.

3. The property sought to be taxed was not purchased *for use in this state.* The major component parts of the two drilling rigs were acquired some fifteen and six years ago respectively, and in Oklahoma, where they were first used. Sales tax was paid in Oklahoma. Wolfe purchased the equipment generally for use in any state where he might thereafter gain a contract. On the other hand, he did not acquire the rigs for the specific purpose of using them in Arkansas. He had no contract in Arkansas at the time of purchase, nor was he then negotiating a contract here.

An identical situation arose in New Mexico in 1955. That state has a use tax provision like ours as respects "procurement for storage, use or consumption." There the contractor was held not to be liable for the tax. *Rowan Drilling Co., Inc.* v. *Bureau of Revenue,* 60 N. M. 123, 288 P. 2d 671 (1955). Similar provisions are contained in the statutes of Iowa and Maryland. Their statutes have been similarly interpreted. *Morrison-Knudsen Co. Inc.* v. *State Tax Comm.,* 242 Ia. 33, 44 N. W. 2d 449 (1950); *Comptroller of the Treasury* v. *James Julian, Inc. et al,* 215 Md. 406, 137 A. 2d 674 (1958). All

these cases hold that whether the property is purchased for use in the taxing state "should be determinable at or near the time of its purchase."

We hold that the exemptions afforded appellant by Act 487 of 1949, Section 6, were not repealed by Act 125 of 1965.

Affirmed.